Thomas C. Sanders, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs May 7, 1985, to Judges CRAIG and PALLADINO and Senior Judge KALISH, sitting as a panel of three.

David K. James, III, Kuhn & James, for appellant.

Harold H. Cramer, Assistant Counsel, with him, Spencer A. Manthorpe, Chief Counsel, and Jay C. Waldman, General Counsel, for appellee.

OPINION BY JUDGE CRAIG, June 3, 1985:

Motorist Thomas Sanders has appealed from a decision of the Court of Common Pleas of Adams County, which affirmed a five-year revocation of his motor vehicle driving privileges as a habitual offender on the basis of three convictions of violating 75 Pa. C. S. §3731, driving under the influence of alcohol. He had committed the violations on January 11, 1978, June 14, 1981 and September 25, 1982—all within a five-year period. The date of conviction for the last offense was not until March 21, 1983, outside the five-year period which began with the date he committed the first offense.

The issue is whether habitual offender status is attained when the commission of three specified offenses has occurred within a five-year period, even if the date of conviction for one of them falls outside that period. The question is one of first impression.

This court affirms the decision of the Common Pleas Court of Adams County by adopting the memorandum opinion of President Judge SPICER which reads as follows:

Petitioner claims the Pennsylvania Department of Transportation (PennDOT) wrongly applied 75 Pa. C.S.A. §1542(a) and classified him as a habitual offender. That section contains the following definition:

... A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) *committed after the effective date of this title and within any period of five years thereafter.* (Emphasis added.)

Petitioner reads the section to require that convictions occur within the five-year period. However, the clear reading of the section shows that the commissions of the offenses, and not the convictions which result, must occur within the five-year period.

. . . .

Although various Vehicle Code sections, as cited in the Sanders brief, mention "conviction" in numerous places, they obviously rely upon conviction as the basis for confirming the commission of an offense. As President Judge SPICER rightly recognized, the temporal measurement is directly and unambiguously associated with when the offenses are "committed."

### ORDER

Now, June 3, 1985, the order of the Court of Common Pleas of Adams County, dated July 7, 1983, is affirmed, upon the memorandum opinion of Judge SPICER.