541 A.2d 1183

Justin H. Hewitt, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 22, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold N. Fitzkee, Jr.,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, May 27, 1988:

Justin Hewitt (Appellant) appeals an order of the Court of Common Pleas of York County (trial court) dismissing his appeal from the revocation of his operating privilege by the Department of Transportation, Bureau of Traffic Safety (DOT). We affirm and remand for calculation of counsel fees pursuant to Pa. R. A. P. 2744.

DOT revoked Appellant's operating privilege for a period of five (5) years after he was convicted three times for violating Section 3731 of the Motor Vehicle Code (driving under the influence of alcohol or controlled substance). 75 Pa. C. S. §3731. The three violations occurred on April 5, 1981, March 6, 1985, and

August 29, 1985. Appellant was convicted of these violations on October 26, 1981 (for the April 5, 1981 violation) and on November 3, 1986 (for the March 6, 1985 and August 29, 1985 violations). DOT revoked Appellant's operating privilege based upon its determination that Appellant was an "habitual offender" under Section 1542(a) of the Motor Vehicle Code.[1]

Appellant appealed to the trial court, alleging that DOT erred in revoking his license because the period of time between the date of his first conviction and the date of his last conviction was in excess of five (5) years.[2] After a hearing de novo, the trial court dismissed Appellant's appeal and reinstated the five (5) year revocation. The trial court found this court's determination in *Sanders v. Department of Transportation, Bureau of Traffic Safety*, 89 Pa. Commonwealth Ct. 609, 493 A.2d 794 (1985) controlling.

On appeal to this court, Appellant raises the same issue as before the trial court. Appellant contends that Section 1542(a) does not clearly indicate that its provisions are to be applied based upon the dates of violations rather than the dates of convictions. DOT argues that *Sanders* is controlling and also requests counsel fees under Pa. R.A.P. 2744.

Our scope of review of a trial court's decision in a motor vehicle license suspension is limited to determin-

---

[1] 75 Pa. C. S. §1542(a). Section 1542(a) provides that DOT shall revoke the operating privilege of any person found to be an habitual offender. This section further defines "habitual offender" as "any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) *committed after the effective date of this title and within any period of five years thereafter*." (Emphasis added.)

[2] Appellant does not dispute the fact that the three violations were committed within a five year period.

ing whether the findings of fact are supported by substantial evidence, whether errors of law have been committed, and whether the trial court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth of Pennsylvania,* 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

In *Sanders,* DOT revoked a motorist's license under the habitual offender provision (Section 1542(a) of the Motor Vehicle Code). The motorist appealed the revocation and contended that the habitual offender provision was inapplicable because the date of conviction for this third offense was more than five (5) years after the date on which he committed his first offense. This court held that habitual offender status is attained when the commission of three specified offenses occurs within the statutory five year period even if the date of conviction for one of the offenses falls outside that period. *Sanders,* 89 Pa. Commonwealth Ct. at 610-11, 493 A.2d at 795. In construing Section 1542(a), we stated that "the clear reading of the section shows that the *commissions* of the offenses, and *not* the convictions which result, must occur within the five-year period." *Id.* at 611, 493 A.2d at 795 (emphasis added).

Appellant contends that *Sanders* is not controlling. Appellant argues that the motorist in *Sanders* was attempting to avoid habitual offender status by measuring the period between the date of the *commission* of the first offense and the date of *conviction* of the third offense. Appellant asserts that, in this case, the court should measure the period between the date of *conviction* of the first offense and the date of *conviction* of the third offense. Based upon this measurement, Appellant contends that he is not an "habitual offender" because more than five years elapsed between the date of his first conviction and the date of his last conviction.

Appellant's attempt to distinguish *Sanders* is without merit and ignores the clear language of that decision. In *Sanders*, we stated: "[T]he temporal measurement is directly and unambiguously associated with when the offenses are 'committed.'" *Id.* at 611, 493 A.2d at 795. As DOT correctly notes in its brief, to hold otherwise would allow a motorist to manipulate the date of conviction for a third offense in order to avoid habitual offender status.

DOT has requested an award of counsel fees pursuant to Pa. R.A.P. 2744. DOT argues that Appellant's appeal was frivolous because Appellant cited no authority in support of his contention that *Sanders* was not controlling. Further, DOT asserts that Appellant failed to file a complete record.

Pa. R.A.P. 2744 provides that an appellate court may award reasonable counsel fees and damages for delay at the rate of six (6%) percent if the court determines that the "appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious." *Id.* This Court has held that a "frivolous" appeal implies that no justiciable question has been presented and that the appeal is readily recognizable as devoid of merit in that there is little prospect of success. *See Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry),* 114 Pa. Commonwealth Ct. 218, 538 A.2d 636 (1988).

Because the issue which Appellant raised was well settled by our decision in *Sanders* and because Appellant presents no legal support for his argument that *Sanders* does not control, we conclude that the appeal is frivolous. *See Zeitlen v. Department of Transportation,* 106 Pa. Commonwealth Ct. 170, 525 A.2d 876 (1987). Therefore, we find that DOT is entitled to an award of reasonable counsel fees.

Accordingly, the order of the trial court is affirmed and this case is remanded to the trial court to determine the amount to be paid to DOT pursuant to Pa. R.A.P. 2744.

## ORDER

AND NOW, May 27, 1988, the order of the Court of Common Pleas of York County in the above-captioned matter is affirmed and the matter is remanded to the Court of Common Pleas of York County for calculation of counsel fees under Pa. R.A.P. 2744.

Jurisdiction relinquished.