579 A.2d 1381

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Michael Phillip DYMECK, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 1990.

Decided Sept. 18, 1990.

David R. White, Asst. counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

No appearance for appellee.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Lycoming County that sustained the appeal of Michael Phillip Dymeck from a two-year revocation of his driving privilege issued by DOT.

On May 6, 1981, Dymeck violated Section 3928 of the Crimes Code, 18 Pa.C.S. § 3928, relating to unauthorized use of a motor vehicle. He violated the same section again on September 3, 1981. On November 11, 1982, Dymeck violated Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731, relating to driving under the influence of alcohol or drugs.

As a result of his convictions for those three offenses, DOT revoked Dymeck's driving privilege for a period of five years pursuant to the provisions of Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, relating to revocation of habitual offender's license. Section 1542(a) defines "habitual offender" as "any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter." Section 1542(d) provides that the operating privilege of a person found to be a habitual offender shall be revoked for a period of five years.

Section 1542(e), relating to additional offenses, provides that "[a]ny additional offense committed within a period of five years shall result in a revocation for an additional period of two years." On August 8, 1987, Dymeck again violated Section 3928 of the Crimes Code. This last offense was more than five years from the first of the three offenses that gave rise to his status as a habitual offender, but it was within five years of the last of those three earlier offenses. DOT notified Dymeck that it was revoking his driving privilege for an additional two years on the basis of the 1987 violation, pursuant to Section 1542(e). Dymeck appealed the two-year additional revocation. After a hearing de novo, the court of common pleas issued an order granting Dymeck's appeal and reversing the two-year revocation. DOT timely appealed to this Court from that order.

Because we conclude that the court of common pleas capably addressed the arguments raised by DOT, we shall affirm on the basis of the able and lucid opinion of the Honorable Thomas C. Raup, P.J., in *Dymeck v. Department of Transportation,* — Pa.D. & C. 4th — (1989),[1]

---

1. On page 3 of the opinion, the trial court quoted *Commonwealth v. Frye,* 88 Pa. Commonwealth Ct. 380, 489 A.2d 984 (1985). In that quote certain language was omitted and that quote should read: Section 1542(e) being devoid of any language evidencing a contrary intent, we hold that a fourth offense committed at *any time* within

holding that the five-year period in Section 1542(e), during which additional offenses give rise to additional two-year periods of revocation, is the same five-year period that gives rise to the habitual offender status under Section 1542(a). *See also Department of Transportation, Bureau of Traffic Safety v. Frye,* 88 Pa. Commonwealth Ct. 380, 489 A.2d 984 (1985), *aff'd per curiam,* 514 Pa. 219, 523 A.2d 332 (1987).

DOYLE, J., concurs in the result only.

## ORDER

NOW, September 18, 1990, the order of the Court of Common Pleas of Lycoming County, dated September 15, 1989, at No. 88–02429, is affirmed.

the same five-year period, whether or not preceded by prior convictions on the other violations, subjects one to a supplemental two-year revocation of operating privileges. (Emphasis in original.) *Id.,* 88 Pa.Commonwealth Ct. at 384–85, 489 A.2d at 986.