**PennDOT v. Hughey**

*Donald J. Smith, assistant counsel,* for PennDOT.
*Ron Turo,* for defendant.

BAYLEY, *J.,* January 14, 1992—

OPINION AND ORDER OF COURT

The Commonwealth of Pennsylvania, Department of Transportation, notified petitioner, Kim Patrick Hughey, on November 1, 1991, that:

"As a result of your conviction on June 24, 1991, of violating section 1543 of the Vehicle Code, driving while [license] suspended/revoked on May 13, 1991, you have been placed in habitual offender status *because this is your third major violation within a five-year period.* Your operating privilege is being revoked for a period of five years as mandated by section 1542D of the Vehicle Code." (emphasis added)[1]

Petitioner filed an appeal from the department's order to this court, and we held a de novo hearing on December 31, 1991. Petitioner maintains his most recent major offense of driving under revocation on May 13, 1991, does not now subject him to a five-year revocation as an habitual offender. The pertinent provisions of the Vehicle Code at 175 Pa.C.S. §1542 providing for the revocation of the operator's license of an habitual offender, are as follows:

---

1. This was petitioner's fifth offense for driving under suspension or revocation; the prior offenses having occurred in 1977, 1978, 1980 and 1987.

"(a) *General rule*—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions in this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title, and within any period of five years thereafter....[2]

(d) *Period of revocation*—The operating privileges of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

(e) *Additional offenses*—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years."

Defendant committed three major offenses described in subsection 1542(b), as follows:

(1) On August 9, 1984, for driving under the influence in violation of section 3731;

(2) On March 19, 1987, for driving while operating privileges were suspended in violation of section 1543:

(3) On April 10, 1988, for driving under the influence in violation of section 3731.

As a result of the last major offense on April 10, 1988, which was within five years of the first major offense on August 9, 1984, PennDOT revoked

2. It is the dates of commission of three offenses within the five-year period, not the dates of convictions, that are relevant in triggering this habitual offender provision. *Sanders v. PennDOT,* 89 Pa. Commw. 609 (1985).

petitioner's operating privileges for five years under section 1542, effective September 26, 1988. Citing *PennDOT v. Dymeck*, 135 Pa. Commw. 201, 579 A.2d 1381 (1990), the department has now imposed a second habitual offender five-year revocation under section 1542 for petitioner's fourth major offense of driving under revocation on May 13, 1991, claiming that the revocation is mandated because that offense was committed within five years of his second major offense on March 19, 1987. Petitioner maintains this fourth major offense on May 13, 1991, does not subject him to a five-year mandatory revocation as an habitual offender because that offense occurred subsequent to the original five-year period upon which the department has already imposed the five-year revocation he is currently serving. We agree.

In *Dymeck*, the operator committed major offenses on May 6 and September 3, 1981, and November 17, 1982. His operating privileges were revoked for five years as an habitual offender on April 6, 1983, and restored on June 2, 1988. On August 8, 1987, he committed a fourth major offense (unauthorized use of a motor vehicle), which was more than five years from the date of the first of the three major offenses that gave rise to his five-year revocation, but within five years of the last of those major offenses. The Commonwealth Court upheld the trial court's reversal of a two-year revocation imposed by the department under section 1542(e), on the basis that a two-year revocation required by that subsection only applies if the fourth major offense occurs within the same five-year period that gave rise to habitual offender status. That would have been between September 3, 1981, and September

2, 1986. The court rejected the department's position that any major offense committed within five years of the third major violation on November 17, 1982, required a two-year revocation under section 1542(e), holding that "the five-year period in section 1542(e), during which additional offenses give rise to two-year periods of revocation, is the same five-year period that gives rise to the habitual offender status under section 1542(a)."[3]

The application of section 1542 was explained by the Commonwealth Court in *PennDOT v. Frye,* 88 Pa. Commw. 380, 489 A.2d 984 (1985). There the operator committed four major offenses in a single night. The court held that a five-year habitual offender revocation was required for having committed the first three major offenses, and an additional two-year revocation was required for the fourth major offense. The court stated:

"Section 1542(e) plainly mandates a two-year revocation whenever '[a]ny additional offense [is] committed within a period of five years.' *Since section 1542's overall purpose is to penalize those who repeatedly transgress the motor vehicle law over a five-year period of time,* subsection (e) serves to impose *an increased sanction* on a driver whose rate of offenses *over this period exceeds that required for the five-year revocation.*" (footnote omitted, emphasis added)

The irony of the department's position in the case sub judice, is its conclusion, that if petitioner's fourth major offense had occurred between August 9, 1984, and August 8, 1989, the same five-year period that

---

3. The Commonwealth Court affirmed on the opinion of the Lycoming County court that has not been published.

gave rise to habitual offender status, he would only be subject to a two-year revocation under section 1542(e); but because the offense occurred subsequent to the five-year period that gave rise to habitual offender status, he is subject to a five-year revocation. That would create an illogical and unreasonable result; it is contrary to the interpretation of section 1542 by the Commonwealth Court in *Frye,* and it is not a conclusion required by the holding in *Dymeck.* The court in *Dymeck* did not hold that its reversal of the increased sanction of a two-year revocation subjected the operator to an even greater five-year revocation as an habitual offender.

Petitioner has already been penalized with a five-year habitual offender revocation for repeatedly transgressing the Motor Vehicle Code over a five-year period that started on August 9, 1984, and ended on August 8, 1989. When he committed another major offense on May 13, 1991, that started a new five-year "period" during which, if he commits two more major offenses before May 13, 1996, will subject him to the sanction of a second five-year habitual offender revocation, and during which, if he commits four or more major offenses, will subject him to the increased sanction of a two-year revocation for each major offense subsequent to the third. A major offense cannot be used more than once in calculating the three major offenses that result in the penalty of a five-year habitual offender revocation; otherwise, the imposition of only a two-year revocation under section 1542(e) for a fourth and subsequent major offenses occurring "over this period," i.e., within five years of the *first* major offense, simply makes no sense. The Legislature in enacting a statute is presumed not

to have intended a result which is absurd, illogical or unreasonable. 1 Pa.C.S. §1921(1). *Summit School Inc. v. Department of Education,* 43 Pa. Commw. 623, 493 A.2d 794 (1979). Every statute shall be construed, if possible, to give effect to all of its provisions. 1 Pa.C.S. §1921(a).

While petitioner is subject to the standard suspension of his operating privileges for driving under revocation on May 13, 1991, as *Dymeck* was subject to the standard suspension for his unauthorized use of a motor vehicle more than five years from his first major offense but within five years of his last major offense that gave rise to a habitual offender revocation, he is not subject to a five-year habitual offender revocation.[4] Accordingly, the following order is entered.

## ORDER OF COURT

And now, January 19, 1992, the order of the Department of Transportation, Commonwealth of Pennsylvania, revoking petitioner's operating privileges for five years as an habitual offender, effective October 6, 1994, is reversed.

---

4. Petitioner was last revoked for driving under suspension for one year effective October 11, 1988; however, he turned his license in on September 26, 1988. His license has not been restored because he is still serving his current five-year revocation as an habitual offender as a result of a conviction for driving under the influence that occurred on April 10, 1988. When petitioner was convicted on his current major offense of driving under revocation on May 13, 1991, he was also convicted of driving at an unsafe speed. His license was suspended an additional ten days for this offense effective September 26, 1994 (at the end of the one-year suspension and five-year revocation). The five-year habitual offender revocation we have reversed was to be effective October 6, 1994.