Robert P. BENJAMIN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 1995.

Decided Dec. 26, 1995.

Rinaldo A. DePaola, for appellant.

Frank M. O'Neill and Timothy P. Wile, for appellee.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

DOYLE, Judge.

This is an appeal by Robert P. Benjamin from an order of the Court of Common Pleas of Bradford County which affirmed the revocation of Benjamin's driving privileges for five years as a habitual offender pursuant to Section 1542 of the Vehicle Code (Code), 75 Pa.C.S. § 1542, by the Department of Transportation (DOT).

Benjamin's relevant Code violations are outlined by the following chart:

| Date of Violation [1] | Section Violated | Action by DOT |
|---|---|---|
| Oct. 3, 1983 | 75 Pa.C.S. § 1501 [2] | 6–months suspension effective 1–25–84 |

[1]. Benjamin also violated Section 1501 of the Code on August 8, 1983, but DOT took no suspension action for this violation. It is not clear from the record why DOT did not act to suspend Benjamin's license at that time.

[2]. Section 1501 of the Code requires that a driver be licensed.

| | | |
|---|---|---|
| Oct. 25, 1984 | 75 Pa.C.S. § 1501 | 6–months suspension effective 10–31–84 |
| Mar. 7, 1987 | 75 Pa.C.S. § 1501 | 5–year revocation as a habitual offender effective 5–29–87 |
| Feb. 4, 1991 | 75 Pa.C.S. § 1501 | 6–month suspension effective 5–29–92 |
| Mar. 16, 1991 | 75 Pa.C.S. § 3731 [3] | 5–year revocation as a habitual offender effective 11–29–92 |

It is only the second five-year revocation as a result of the last violation on March 16, 1991, that is on appeal to this Court.[4]

Benjamin was initially found by DOT to be a habitual offender pursuant to Section 1542 of the Code, 75 Pa.C.S. § 1542, in 1987, because he had accumulated three convictions within a five-year period (October 1983 through March 1987). Following that determination, Benjamin again violated the Code on February 4, 1991, and again on March 16, 1991. These last two convictions were committed more than five years after the first of the three offenses which gave rise to his original status as a habitual offender, but they were within five years of his third offense of March 7, 1987. DOT notified Benjamin that his operating privilege was revoked for an additional five-year period under Section 1542 of the Code as a result of these two convictions, coupled with his previous March 7, 1987 violation, since Benjamin had accrued three convictions within "a" five-year period of time (March 1987 through March 1991).

Benjamin appealed to the common pleas court, arguing that a five-year revocation based on his March 7, 1987 violation was in error, because that conviction had previously been counted as one of the three offenses used to classify him as a habitual offender in the first five-year revocation in 1987. After a de novo hearing, the trial court dismissed Benjamin's appeal holding that Section 1542(a) of the Code only requires that there be three convictions "within **any** period of five years" and does not preclude consideration of a conviction previously counted when imposing a second five-year license revocation as a habitual offender. (Trial Court Opinion at 1; Reproduced Record at 28.)

On appeal, Benjamin continues to argue that it is erroneous to count his March 7, 1987 violation as one of the three offenses committed within a five-year period in determining that he is again a habitual offender, resulting in a second revocation for an additional period of five years.

**Section 1542** of the Vehicle Code states in relevant part:

(a) **General rule.**—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and **within *any* period of five years** thereafter.

(b) **Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by

---

3. Section 3731 of the Code relates to driving under the influence of alcohol or controlled substance.

4. Our scope of review is limited to determining whether the trial court's relevant findings of facts are supported by competent evidence or whether the trial court committed an error of law or abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

any person shall result in such person being designated as a habitual offender:

. . . .

**(d) Period of Revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

**(e) Additional offenses.**—Any additional offense committed within *a* period of five years shall result in a revocation for an additional period of two years.

75 Pa.C.S. § 1542(a), (b), (d) and (e).[5]

■■■■ The trial court interpreted the phrase "within any period of five years" in Section 1542(a) of the Code literally, which would allow DOT to impose a second five-year habitual offender revocation where three offenses are committed within **any** five-year period. It was the trial court's belief that since Benjamin's latest two offenses, committed on February 4, 1991, and March 16, 1991, are within five years of his violation of March 7, 1987, an additional five-year revocation was mandatory even though the two five-year periods overlap. The trial court stated, "[t]here is no restriction in Section 1542 or elsewhere in the Vehicle Code, on establishing habitual offender status by using a single conviction in two distinct five year periods." (Trial Court Opinion at 3; Reproduced Record at 30.) We cannot agree for reasons which follow.

The trial court based its decision on the opinion of this Court in *Department of Transportation v. Dymeck*, 135 Pa.Cmwlth. 201, 579 A.2d 1381 (1990). The licensee in *Dymeck* had violated Section 3928 of the Crimes Code, 18 Pa.C.S. § 3928 (unauthorized use of a motor vehicle), on May 6, 1981, and again on September 3, 1981. On November 11, 1982, the licensee committed a third violation (Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731—driving under the

influence) and as the result of these three convictions, DOT revoked Dymeck's driving privileges for five years. Dymeck again violated Section 3928 of the Crimes Code, on August 8, 1987, which was more than five years from the first of the three offenses which gave rise to Dymeck's status as a habitual offender, but was within five years of the last of those three earlier offenses. DOT notified Dymeck that it was revoking his driving privileges for an additional **two** years pursuant to Section 1542(e) of the Vehicle Code. The Common Pleas Court of Lycoming County granted Dymeck's appeal and reversed the two-year revocation.

On appeal, we affirmed on the basis of the opinion of the trial court[6] and held that "the five year period in Section 1542(e), during which additional offenses give rise to additional two-year periods of revocation, is the *same* five-year period that gives rise to the habitual offender status under Section 1542(a)." *Dymeck*, 135 Pa.Cmwlth. at 204, 579 A.2d at 1383 (emphasis added).

We now hold that *Dymeck* was decided in error and is overruled, because in *Dymeck* we considered the five-year period referenced in subsection (e) as the same identical *fixed* five-year period stated in subsection (a), which would, in effect, render almost meaningless the suspension enhancement provisions of Section 1542(e). Under the *Dymeck* matrix, for an additional two-year revocation to be warranted under subsection (e), a licensee would have had to commit his fourth violation during the "same" five years, which period would begin with the *first* offense which gave rise to his habitual offender status. This interpretation is contrary to the legislative intent of Section 1542, which is to punish more severely those drivers who continuously and consistently violate the Code. *Frye*.

*Safety v. Frye*, 88 Pa.Cmwlth. 380, 489 A.2d 984 (1985), *aff'd*, 514 Pa. 219, 523 A.2d 332 (1987) (per curiam), as set forth in this opinion is completely consistent with the amendment.

---

**5.** On December 12, 1994, the legislature amended subsection (e) of Section 1542, effective September 12, 1995. The amended subsection states: "[e]ach additional offense committed within a period of five years, **as measured from the date of any previous offense,** shall result in a revocation for an additional period of two years." This opinion and our interpretation of *Department of Transportation, Bureau of Traffic*

**6.** The opinion of the Court of Common Pleas of Lycoming County has not been published as of the date of the filing of this opinion.

The holding of *Dymeck* was based upon an erroneous interpretation of our earlier opinion in *Frye*. In *Frye*, the licensee committed four serious violations of the Code in one evening. Based on those convictions, DOT revoked Frye's license for five years pursuant to Sections 1542(b) and (d), plus two additional years pursuant to Section 1542(e) for the fourth violation. This Court, in upholding the license revocation for the two additional years pursuant to Section 1542(e), held that

> Section 1542(e) plainly mandates a two-year revocation whenever '[a]ny additional offense [is] committed within a period of five years.' Since Section 1542's overall purpose is to penalize those who repeatedly transgress the motor vehicle law over a five-year period of time, subsection (e) serves to impose an increased sanction on a driver whose rate of offenses over this period exceeds that required for the five-year revocation.
>
> The legislature has authorized a five-year revocation when three enumerated offenses are perpetrated, ... *within five years of one another*. Section 1542(e) being devoid of any language evidencing a contrary intent, we hold that a fourth offense committed at *any time within the same five-year period*, whether or not preceded by prior convictions on the other violations, subjects one to a supplemental two year revocation of operating privileges.

*Frye*, 489 A.2d at 986 (footnotes omitted) (emphasis added).

*Frye* was correctly decided under the facts as presented in that case, as, in fact, the fourth violation giving rise to the two-year revocation under Section 1542(e) **was** within the **same** five-year period of time that prompted Frye's habitual offender status under Section 1542(a); in fact, all of the violations took place in the same one evening of activity. Although we recognize how *Frye* was misinterpreted in *Dymeck*, because the five-year period in subsection (a) and subsection (e) of Section 1542 were the *"same"* in *Frye*, we never said, nor did we mean to

imply, that any fourth or subsequent violation *had to* occur within the "same" five-year period as the first offense. In *Frye* that just happened that all four violations happened on the same night.

We now take this opportunity to clarify *Frye* and hold that the five-year period in subsection (a) refers to the five-year period of time during which a licensee must commit three violations to be considered a habitual offender.[7] That is to say, a licensee who violates the Code and then commits two additional violations within five years of the initial offense, is considered a habitual offender, and DOT is mandated to revoke his or her license for five years.

The five-year period in subsection (e), however, relates to the time period following the **third** offense which defines the licensee as a habitual offender. A fourth offense committed within five years of *any* of the offenses that were used in defining the licensee as a habitual offender subjects the driver to an additional revocation of **two** years. Moreover, if within five years of the fourth offense, the driver again commits a major violation of the Code (a fifth offense so to speak), he or she will *again* be subjected to another revocation period of two years under subsection (e). And, if there is a sixth violation within this subsequent sliding five-year period, the licensee will have had his or her license revoked for a total of six additional years, not five years as if he or she were a habitual offender for a second time.

To demonstrate how this sliding scale would operate, if a driver committed three violations in 1995, and then in 1999 commits a fourth violation, his or her driving privilege would be revoked for five years pursuant to Sections 1542(a) and (d) of the Code, plus two years, pursuant to Section 1542(e) for a total of seven years. If in the year 2001, the licensee committed another violation, his or her license will be revoked for another two years, pursuant to subsection (e), because this fifth offense would have been within five years of the fourth offense. If in 2005, the licensee again committed a violation, his or

---

**7.** Section 1542(b) sets forth the specific motor vehicle violations which are used to designate a driver as a habitual offender.

her license would be revoked for another two years, since the sixth violation would have been within five years of his or her fifth violation.

The only way in which a licensee who has been declared a habitual offender can have his or her license revoked for another five years as a habitual offender, is for the licensee to have a clean driving record for five years and then commit three new violations within a new five-year period under Section 1542(a).

The intention underlying Section 1532 is to safeguard the public from dangerous drivers by punishing those persons who continuously violate the provisions of the Code. *Frontini v. Department of Transportation,* 527 Pa. 448, 593 A.2d 410 (1991). "[T]he habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender...." *Id.* at 451, 593 A.2d at 412.

In the present controversy, Benjamin was viewed as a habitual offender as a result of his third violation on March 7, 1987. He violated the Code again on February 4, 1991,[8] which was within five years of his third violation. His most recent violation of the Code occurred on March 16, 1991, which is also within five years of his third violation of March 7, 1987. Therefore, it is clear that DOT can only revoke Benjamin's driving privileges for an additional *two* years under the provisions of Section 1542(e).[9]

Accordingly, we reverse the trial court's imposition of a five-year revocation, and modify the revocation to reflect a two-year revocation pursuant Section 1542(e) of the Code for the March 16, 1991 conviction.[10]

### ORDER

NOW, December 26, 1995, the order of the Court of Common Pleas of Bradford County in the above-captioned matter in revoking Benjamin's operating privileges for five years is modified to reflect revocation of his driver's license for two years.

SMITH, J., concurs in the result only.

FRIEDMAN, Judge, concurring.

I concur in the result reached by the majority; however, I write separately because I disagree with the majority's explanation of the five-year sliding scale in section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542. According to the example offered by the majority, if a licensee commits three *violations* in 1995 and then a fourth in 1999, the Department of Transportation (DOT) would impose two penalties totalling seven years. (Majority op. at 479.) The Majority then states:

> The only way in which a licensee who has been declared a habitual offender can have his or her license revoked for another five years as a habitual offender, is for the licensee to have a *clean driving record* for five years and then commit three new *violations* within a new five-year period under Section 1542(a).

(Majority op. at 480.) (Emphasis added.) I believe that the majority's illustration is both imprecise and misleading.

First, the scenario does not properly recognize that, under section 1542(a) of the Vehicle Code, 75 Pa.C.S. § 1542(a) (emphasis added), a habitual offender must have three "*convictions* for the *separate and distinct* offenses *described and enumerated* in subsection (b)...." Thus, in the majority's example, if the licensee's 1995 violations did not result in convictions, did not arise from separate acts or were not among the offenses listed in section 1542(b), licensee would not be a habitual offender as of 1995, and DOT

---

**8.** This Court notes that DOT also should have revoked Benjamin's driving privileges for two additional years, pursuant to § 1542(e), based upon the February 4, 1991 violation. The record does not reveal why such action was not taken. Since DOT did not utilize the February 4, 1991 violation in its calculation of the years Benjamin should have had his license revoked, this Court will not consider this violation in its calculation.

**9.** Under our analysis of Section 1542 of the Code articulated in this opinion, DOT could have revoked Benjamin's license for another two years for the violation of February 4, 1991, instead of suspending his license for six months. However, that issue was not presented in this appeal.

**10.** This Court may impose whatever penalty is mandated for the underlying conviction when it finds that DOT has imposed an incorrect sanction. *Department of Transportation, Bureau of Driver Licensing v. Korenich,* 168 Pa.Cmwlth. 362, 650 A.2d 1141 (1994).

could not impose a five-year license revocation for those three violations.[1]

Indeed, the majority's example, as written, suggests that DOT would impose *no* penalty for the three 1995 violations, but if and when the licensee committed a fourth violation in 1999, DOT then would impose *two* penalties, a five-year revocation for the three 1995 violations and a two-year revocation for the 1999 violation. However, even if otherwise permissible as discussed above, DOT could not impose a penalty for the 1995 violations in 1999, after a delay of four years. *See Department of Transportation, Bureau of Driver Licensing v. Turner,* 155 Pa.Cmwlth. 106, 624 A.2d 749 (1993).

Using the majority's illustration, I would conclude that, if a licensee is *convicted* in 1995 for three *separate and distinct* offenses, *among those found in section 1542(b)* of the Vehicle Code, the licensee's driving privilege would be revoked for five years *at that time* pursuant to sections 1542(a) and (d). Then, upon conviction of a fourth section 1542(b) offense in 1999, the licensee's driving privilege would be revoked for an additional two years under section 1542(e).

Further, I agree with the Majority that a licensee can only incur another five-year license revocation under section 1542 if the licensee is convicted of three new separate and distinct section 1542(b) offenses following the end of his prior revocation period. However, because it is obvious that a person is not permitted to drive during a revocation of operating privileges, I believe that the majority's reference to a "clean driving record" during the period of revocation is misleading. (Majority op. at 480.) Indeed, I would not want to suggest that persons may drive without a license during the period of revocation as long as they do not get caught. *See* Section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543. Nevertheless, I concur in the result.

PELLEGRINI, J., joins in this concurring opinion.

---

**1.** Likewise, if the fourth violation in 1999 was not an enumerated offense or did not result in a conviction, DOT could not impose a penalty under section 1542 of the Vehicle Code.