### John Arthur FINNEGAN, Jr.

v.

### COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 30, 2004.

Decided March 16, 2004.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Austin F. Grogan, Camp Hill, for appellee.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, J., and McCLOSKEY, Senior Judge.

OPINION BY SENIOR Judge McCLOSKEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Cumberland County (trial court), dated February 25, 2003, sustaining the appeal of John Arthur Finnegan, Jr. (Licensee) to the extent that it challenged DOT's requirement that he install an ignition interlock system on all vehicles owned by him as a condition to having his operating privileges restored.[1] We affirmed the order of

---

1. DOT imposed the requirement under the Ignition Interlock Device Act (Interlock Act), formerly 42 Pa.C.S. §§ 7001–7003. We note that the original Interlock Act was repealed by Section 4 of the Act of September 30, 2003, P.L. ——, No. 2003–24 (Act 24). Provisions relating to ignition interlock are now found, as revised by Section 18 of Act 24, at

the trial court on October 17, 2003, and, thereafter, on December 4, 2003, we granted DOT's application for reconsideration to address the applicability of our ruling in light of the Pennsylvania Supreme Court's decision in *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003). We affirm.

The underlying facts of this case are not in dispute. Licensee was originally arrested on February 6, 1986, for driving under the influence (DUI), in violation of Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731. (R.R. at 26a). Licensee was arrested for DUI a second time on August 9, 1986. (R.R. at 26a). Licensee was convicted of both of these DUI offenses on November 20, 1986. (R.R. at 26a). As a result of these convictions, Licensee's operating privilege was suspended for two consecutive one-year periods. (R.R. at 26a). Licensee's operating privilege was restored by DOT in May, 1992. (R.R. at 27a).

On January 29, 2002, Licensee was arrested for his third DUI offense. (R.R. at 24a, 27a). Consistent with his plea of guilty, Licensee was convicted on July 2, 2002. (R.R. at 18a, 24a, 27a). The criminal division of the trial court sentenced Licensee to forty-eight hours to twenty-three months of confinement; a $300.00 fine; an EMS assessment of $10.00; a CAT Fund surcharge of $50.00; and costs of prosecution. (R.R. at 18a). The trial court did not impose upon Licensee the ignition interlock requirement found at Section 7002(b) of the Ignition Interlock

Device Act (Act).[2] (R.R. at 18a, 24a). Additionally, it does not appear from the record that the local district attorney appealed the trial court's failure to impose such a requirement.

By notice dated October 18, 2002, DOT notified Licensee that, as a consequence of his conviction on July 2, 2002, his operating privilege was being suspended for a one-year period pursuant to Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3). (R.R. at 21a–23a). That notice also advised Licensee that he was required by law to have all vehicles owned by him to be equipped with an ignition interlock system in order for his operating privilege to be restored at the end of that period and, if he failed to comply with this requirement, his operating privilege would remain suspended for an additional year. (R.R. at 21a–23a). Licensee filed a timely statutory appeal from that suspension notice with the trial court.

A *de novo* hearing was conducted by the trial court on February 20, 2003. The trial court upheld the imposition of the one-year suspension pursuant to Section 1532(b)(3) of the Vehicle Code, but relieved Licensee from the requirement that he equip his vehicles with ignition interlock systems as a prerequisite to restoration of his driving privilege. (R.R. at 15a–16a, 31a). DOT filed a notice of appeal from that order and we affirmed.

■ On reconsideration to this Court,[3] DOT now argues that the ruling in *Mock-*

---

Section 3805 of the Vehicle Code, 75 Pa.C.S. § 3805.

**2.** 42 Pa.C.S. § 7002(b). This section provides that upon a person's second or subsequent violation of Section 3731 of the Vehicle Code, the court "shall order the installation of an approved ignition interlock device on each motor vehicle owned by the person to be effective upon the restoration of operating privileges by [DOT]."

**3.** In reviewing a driver's license suspension case, our standard of review is limited to determining whether the trial court's findings of fact were supported by substantial evidence, whether errors of law had been committed or whether the trial court's determination demonstrated a manifest abuse of discretion. *Mazza v. Department of Transportation, Bureau of Driver Licensing*, 692 A.2d 251 (Pa.Cmwlth.1997), *petition for al-*

*aitis* establishes that the requirement of the installation of an ignition interlock device is a license restoration requirement. Therefore, DOT argues that its requirement that a licensee install ignition interlock devices as a condition of restoration of an operating privilege is not merely a continuation of the suspension imposed by DOT. Accordingly, DOT takes the position that any appeal therefrom must be taken through DOT's administrative process because the imposition of a restoration requirement is not properly a subject for review by a court of common pleas. Next, DOT argues that it has the independent and primary authority to enforce the provisions of the Act that have not been held by the Pennsylvania Supreme Court to be unconstitutional. Therefore, DOT takes the position that it has the authority to require that a repeat DUI offender comply with the Act as a condition of license restoration even in the absence of a court order mandating installation of an ignition interlock device. Finally, DOT contends that the newly added Section 3805(g) of the Vehicle Code, 75 Pa.C.S. § 3805(g), has no impact on this case.

First, we will address DOT's argument that the trial court lacks subject matter jurisdiction to consider Licensee's appeal. The thrust of DOT's argument is that this is an appeal concerning a *restoration* of privileges, and that, as such, the trial court lacks jurisdiction. DOT points to Section 933 of the Judicial Code, 42 Pa.C.S. § 933, and Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, in support of its position.[4]

■■■ We note that DOT conveniently ignores the fact that this matter is before this Court as a result of a notice of suspension that DOT issued. As part of that notice of suspension, DOT attempted to impose ignition interlock device requirements that it simply does not have the power to impose, as we will discuss below.

---

*lowance of appeal denied,* 551 Pa. 172, 709 A.2d 887 (1998). The scope of review is plenary, however, when the matter involves no disputed facts, and nothing but a question of law is considered. *Department of Transportation, Bureau of Driver's Licensing v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000).

4. Section 933 of the Judicial Code provides, in relevant part, as follows:

§ 933. Appeals from government agencies.

(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

\* \* \*

(1) Appeals from Commonwealth agencies in the following cases:

\* \* \*

(ii) Determinations of the Department of Transportation appealable under the following provision of Title 75 (relating to vehicles):

Section 1377 (relating to judicial review).

Section 1550 (relating to judicial review).

Section 4724(b) (relating to judicial review).

Section 7303(b) (relating to judicial review).

Section 7503(b) (relating to judicial review). . . .

42 Pa.C.S. § 933 (emphasis added).

Section 1550 of the Vehicle Code, explains, in relevant part, as follows:

§ 1550. Judicial Review

(a) General rule.—*Any person who has been denied a driver's license, whose driver's license has been canceled or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right o appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).* The appellant shall serve a copy of the appeal, together with a copy of the notice of the action from which the appeal has been taken, upon the department's legal office.

75 Pa.C.S. § 1550(a)(emphasis added).

We further emphasize that this is not a case where a licensee's operating privilege was suspended and the individual later sought restoration of his operating privilege only to be denied by DOT on the basis of the individual's failure to install ignition interlock devices or otherwise.[5] Were such the case, DOT's argument may be more persuasive. However, we cannot ignore the fact that this matter was initiated in response to DOT's notice of suspension. Courts of common pleas have jurisdiction to hear matters relating to the suspension of operating privileges. *See* Section 933 of the Judicial Code and Section 1550 of the Vehicle Code. Therefore, we conclude that because Licensee's appeal was before the trial court as a result of DOT's notice of suspension, the trial court had jurisdiction to consider the case pursuant to Section 933 of the Judicial Code and Section 1550 of the Vehicle Code.[6]

■ Next, we will address DOT's assertion that our Supreme Court's ruling in *Mockaitis* establishes DOT's authority to require repeat DUI offenders to comply with the Interlock Act, as a condition of license restoration.

Prior to the Pennsylvania Supreme Court's ruling in *Mockaitis*, this Court, following its ruling first set forth in *Schneider*, concluded that DOT did not have an independent mandate under the Interlock Act to require installation of an ignition interlock device prior to restoring a licensee's driving privilege. We specifically noted that the Act provided that only "the court shall order the installation of an approved ignition interlock device...." *Schneider*, 790 A.2d at 366, 42 Pa.C.S.

§ 7002(b). As such, we determined that DOT had no independent statutory authority to impose installation of an ignition interlock device under the Interlock Act.

In *Mockaitis*, the Pennsylvania Supreme Court determined that the portions of the Interlock Act which required a trial court to order and certify installation were unconstitutional. However, the Court concluded that "[w]ith these provisions severed, the legislation still requires recidivist DUI offenders seeking restoration of driving privileges to apply to [DOT] for an ignition interlock restricted licensee. 42 Pa.C.S. § 7003(2)." *Mockaitis*, 834 A.2d at 502.

DOT argues that *Mockaitis* grants it the authority to order an ignition interlock device. However, in *Cinquina v. Department of Transportation, Bureau of Driver Licensing*, 840 A.2d 525, 527 (Pa.Cmwlth. 2004), this Court discussed the holding in *Mockaitis* and noted as follows:

> Thus, after Mockaitis, the only portion of the Act under which [DOT] has authority with respect to second or subsequent offenses is Section 7003(2), and the only authority contained within that section is to issue interlock restricted licenses. Nowhere does the remaining Act grant [DOT] the independent authority to require installation of interlock devices. The trial court was correct in finding [DOT] exceeded its statutory authority when it purported to require [licensee] to install ignition interlock devices on all vehicles he owns.

---

**5.** We decline to opine as to whether the trial court would have subject matter jurisdiction to hear a denial of a request for restoration based upon the Act under such a situation, as those facts are not before the Court at this time.

**6.** We emphasize that this Court rejected this very argument in *Schneider* and any assertions by DOT that *Mockaitis* somehow "implicitly overruled" *Schneider* with regard to this issue are unfounded.

As such, we reject DOT's allegation that it had any authority to order the *installation* of an interlock device.[7]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 16th day of March, 2004, the order of the Court of Common Pleas of Cumberland County, dated February 25, 2003, is hereby affirmed.

---

**7.** As we find that DOT is without authority to order the installation of an interlock device, we need not consider the remaining issue raised in DOT's motion for reconsideration, i.e., that the newly added Section 3805(g) of the Vehicle Code, 75 Pa.C.S. § 3805(g) has no impact on this case.