IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan William Lieberman            :
                                      :
         v.                  :      No.  1047 C.D. 2021
                                      :      Submitted:  March 11, 2022
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                 Appellant      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED:  April 29, 2022


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals the September 10, 2021 order of the Court of Common Pleas of Northampton County (the trial court), which sustained Ryan William Lieberman's (Lieberman) driver's license suspension appeal, thereby prohibiting DOT from enforcing a five-year suspension of Lieberman's operating privilege following his third conviction for a driving under the influence (DUI) offense.  On appeal, DOT argues that the trial court erred as a matter of law by failing to apply this Court's bright-line rule that a delay between a DUI conviction and a notice of license suspension is not an extraordinary delay unless it exceeds the period

of the license suspension plus 10 days.  For the reasons that follow, we affirm the trial court.

## I.  Background

DOT suspended Lieberman's Pennsylvania driver's license for 30 days on March 25, 2015, following his acceptance into the accelerated rehabilitative disposition program for a first offense DUI.  Reproduced Record (R.R.) at 54a, 59a.  DOT suspended Lieberman's Pennsylvania driver's license for the second time on January 31, 2018, following Liberman's conviction for a second DUI offense on December 13, 2017.  R.R. at 48a.  This suspension was for 18 months.  *Id.*

Lieberman received his sentence for his third DUI offense on December 21, 2017.  R.R. at 72a.  He did not receive a separate notice of suspension from DOT after this DUI conviction, and he testified in this matter that he was not aware at the time of his guilty plea that he would be considered a habitual offender and be subjected to a five-year driver's license suspension.  R.R. at 33a-34a.

On February 11, 2021, the clerk of the trial court electronically transmitted a notice to DOT that Lieberman had completed treatment.  R.R. at 52a.  On February 20, 2021, DOT mailed Lieberman a letter indicating he was eligible to have his driver's license restored.  R.R. at 77a-78a.  Lieberman paid the restoration fee and complied with the requirements of the restoration letter, including paying over $250.00 to have an ignition interlock device installed in his vehicle.  R.R. at 25a-26a.  DOT restored Lieberman's driver's license in late March 2021.  R.R. at 25a.

The clerk of the trial court did not electronically submit notification of Lieberman's third DUI conviction to DOT until June 1, 2021 – almost three and half years after the date of the conviction.  R.R. at 46a.  The clerk of the trial court is statutorily required to make this report within 10 days of the conviction.  *See* 75

2

Pa.C.S. § 6323. After receiving the delayed notification, DOT mailed Lieberman a notice of suspension on June 9, 2021. R.R. at 19a. This notice informed Lieberman that he was considered a habitual offender and was subject to a five-year driver's license revocation, beginning on July 14, 2021. R.R. at 41a.

Lieberman timely appealed the notice of suspension to the trial court, which conducted an evidentiary appeal hearing. At that hearing, Lieberman stated that he no longer drinks alcohol and has not had any contact with law enforcement, been arrested, or had any Vehicle Code[1] violations since his last DUI conviction in December 2017. R.R. at 32a-33a. Lieberman also stated that on June 7, 2021, his employer, knowing that he had his driver's license restored, offered him a promotion to a position that would require him to be able to drive to his employer's various locations. R.R. at 29a, 31a, 32a. Relying on his driver's license, Lieberman accepted the promotion, which raised his compensation from approximately $36,000.00 per year to $59,000.00 per year. R.R. at 31a-32a.

After hearing evidence and considering the parties' arguments, the trial court found that DOT's delay in imposing Lieberman's driver's license suspension was an extraordinary delay that violated Lieberman's due process rights. R.R. at 97a. Accordingly, the trial court sustained Lieberman's appeal. R.R. at 81a.

## II.    Discussion

On appeal, DOT asserts that this Court previously established a bright-line rule that an extraordinary delay in imposing an operating privilege suspension only exists if the delay exceeds the length of the suspension plus 10 days. Appellant's Br. at 4. DOT further asserts that the trial court erred as a matter of law for not applying that bright-line rule in this matter. *Id.*

---

[1] 75 Pa.C.S. §§ 101-9805.

"In reviewing a driver's license suspension case, our standard of review is limited to determining whether the trial court's findings of fact were supported by substantial evidence, whether errors of law had been committed or whether the trial court's determination demonstrated a manifest abuse of discretion." *Finnegan v. Dep't of Transp., Bureau of Driver Licensing*, 844 A.2d 645, 647 n.3 (Pa. Cmwlth. 2004) (citation omitted). "The scope of review is plenary . . . when the matter involves no disputed facts, and nothing but a question of law is considered." *Id.*

A review of the record reveals that no disputed facts exist in this matter. Due to his three DUI convictions, Lieberman should have received a five-year driver's license suspension as a habitual offender. *See* 75 Pa.C.S. §1542. Following his second license suspension, however, DOT restored Lieberman's driver's license. Relying on the restoration of his operating privilege, Lieberman accepted a job that required him to be able to drive. At nearly the same time, the clerk of the trial court electronically sent a notification to DOT of Lieberman's third DUI conviction, which had occurred almost three and a half years earlier. DOT then sent Lieberman a notice of driver's license suspension. The delay between Lieberman's third DUI conviction and the notification of driver's license suspension was not caused by DOT, nor was it caused by Lieberman.

The Pennsylvania Supreme Court has extensively analyzed whether DOT may suspend a person's driver's license based upon a DUI conviction when there is a significant delay between the conviction and the notice of suspension. *See Dep't of Transp., Bureau of Driver Licensing v. Middaugh*, 244 A.3d 426 (Pa. 2021) (*Middaugh II*). In *Middaugh II*, our Supreme Court was reviewing this Court's ruling in *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073 (Pa. Cmwlth. 2018) (*Middaugh I*). In *Middaugh I*, this Court

4

established a bright-line rule that a delay between a DUI conviction and a notice of driver's license suspension can only be an extraordinary delay if it exceeds the length of the suspension plus 10 days. *Middaugh I*, 196 A.3d at 1083. In reviewing that determination, our Supreme Court began by noting that the DUI driver's license suspension statutes (75 Pa.C.S. §§ 3802, 3804, 6323(1)(i)) are mandatory, and that they require license suspensions even when "administrative lapses" occur. *Middaugh II*, 244 A.3d at 433. The Court noted, however, that "restrictions imposed by the Constitution can limit whether otherwise-valid legislation may be applied in specific circumstances." *Id.*

Our Supreme Court then analyzed state and federal due process jurisprudence and agreed with this Court's prior line of decisions, including *Middaugh I*, "to the extent it suggests that a license suspension which is unreasonably delayed through no fault of the driver's can potentially result in a denial of due process." *Id.* at 436. The Court then determined that a driver's due process rights were not affected by "whether the delay is chargeable to [DOT] or the clerk of the common pleas court." *Id.* at 437. The Court then noted that in considering a driver's due process challenge, a court must engage in a "means-end" analysis to determine if there is a "connection between a suspension of privileges and the legislative goal of protecting the public." *Id.* To do this, a court must consider any additional violations a driver had during the course of the delay, the "severity and age of any further violations," and the "severity of the predicate offense." *Id.* Finally, the Court noted that a driver must be able to demonstrate that he suffered prejudice from the delay to establish a due process violation. *Id.*

Although the Supreme Court extensively reviewed and affirmed our decision in *Middaugh I*, it carefully limited the extent to which it agreed with our analysis.

*See generally Middaugh II*, 244 A.3d 426. Pertinent to this matter, the Supreme Court did not endorse the bright-line rule we established in *Middaugh I* that a delay could only be an extraordinary delay if it exceeded the length of the suspension plus 10 days. *Id.* Instead, the Supreme Court engaged in the fact-specific analysis outlined above to determine if a driver's constitutional due process rights can restrict DOT's statutory right to impose a driver's license suspension when a significant delay exists between a DUI conviction and a driver's license suspension. *See generally Middaugh II*, 244 A.3d 426.

With regard to the specific facts presented in *Middaugh II*, our Supreme Court determined:

> [T]he approximately 28-month delay in this case can appropriately be viewed as denying Appellee his due process rights. Although this is not as long as the delays that have occurred in some [other cases], it seems to us objectively unreasonable for a driver to have to wait nearly two and a half years for administrative action that is expected to occur within approximately two months – and would occur during that timeframe where the governmental entities involved are functioning competently, as citizens have a right to expect them to do.
>
> . . . .
>
> We therefore agree with the Commonwealth Court majority that a suspension at this late date will have lost much of its effectiveness with regard to its underlying legislative purposes, result in prejudice which can be attributed to the delay, and ultimately deny fundamental fairness.

*Id.* at 438, 439.

In this matter, the trial court reviewed the Supreme Court's decision in *Middaugh II* and determined, as we have also determined, that "the Pennsylvania Supreme Court did not adopt the use of [a] bright-line rule." R.R. at 96a. The trial

6

court then found that the delay of nearly three and a half years between Lieberman's third DUI conviction and the notice of driver's license suspension was extraordinary, and that it violated Lieberman's due process rights. R.R. at 96a-97a.

Instead of challenging the trial court's due process determination,[2] DOT's only assertion on appeal is that the trial court erred as a matter of law by failing to apply the bright-line rule we established in *Middaugh I* that an extraordinary delay can only exist if the delay between a DUI conviction and a notice of driver's license suspension exceeds the period of the driver's license suspension plus 10 days. As fully outlined above, however, our Supreme Court in *Middaugh II* did not endorse the use of this bright-line rule. As prescribed by *Middaugh II*, the trial court engaged in a fact-specific due process analysis in this matter. In doing so, the trial court did not commit an error of law.

### III. Conclusion

In *Middaugh II*, the Pennsylvania Supreme Court established a fact-specific analysis for determining if a driver's constitutional due process rights can restrict DOT's statutory right to impose a driver's license suspension when a significant delay exists between a DUI conviction and a notice of driver's license suspension. The Supreme Court did not endorse a bright-line rule for determining a length of delay that does not violate a driver's due process rights. Accordingly, DOT's only contention on appeal – that the trial court erred as a matter of law by not applying

---

[2] DOT did not request review of, or address in its brief, whether the delay in this matter violated Lieberman's due process rights. Accordingly, DOT has waived any challenges to the trial court's determination that the delay violated Lieberman's due process rights. *See Muretic v. Workers' Comp. Appeal Bd. (Dep't of Lab. & Indus.)*, 934 A.2d 752, 758 (Pa. Cmwlth. 2007) (citations omitted) (stating that under Pennsylvania Rules of Appellate Procedure 2116(a) and 2119(a), an issue that is not addressed either in the statement of questions involved or argument section of the appellant's brief is waived).

such a bright-line rule – is without merit.  Therefore, we affirm the order of the trial court.

_____
STACY WALLACE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan William Lieberman     :
             :
    v.        :   No. 1047 C.D. 2021
             :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,    :
       Appellant :

## **O R D E R**

 **AND NOW**, this 29th day of April 2022, the September 10, 2021 order of the Court of Common Pleas of Northampton County in this matter is **AFFIRMED**.

          _____
          STACY WALLACE, Judge