# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Charles Hazlett        :
:
       v.                    :    No.  1007 C.D. 2020
:    Submitted: June 24, 2022
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                Appellant    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED:  September 30, 2022


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the September 9, 2020 order of the Court of Common Pleas of Mercer County (the trial court), which granted Justin Charles Hazlett's (Hazlett) appeal of his operating privilege suspension, thereby prohibiting DOT from enforcing a 12-month suspension of Hazlett's operating privilege following his conviction for a driving under the influence (DUI) offense. On appeal, DOT argues that Hazlett's previous acceptance of Accelerated Rehabilitative Disposition (ARD) for a DUI offense should be considered a prior offense for purposes of imposing an operating privilege suspension. For the reasons that follow, we agree with DOT and reverse the trial court's order.

## I.    Background

Hazlett does not dispute the facts underlying this appeal.  DOT suspended Hazlett's Pennsylvania operating privilege for 60 days on November 28, 2014, following his acceptance of ARD for a DUI offense.  Reproduced Record (R.R.) at 29a.    Hazlett successfully completed ARD, and DOT restored his operating privilege. On March 4, 2020, the trial court convicted Hazlett of violating Section 3802(a)(2) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(2), an ungraded misdemeanor DUI offense.  R.R. at 27a.  After receiving notice of Hazlett's DUI conviction, DOT mailed a notice of suspension to Hazlett, which indicated that DOT was suspending Hazlett's operating privilege for a period of 12 months, effective on July 8, 2020. R.R. at 23a.

On June 19, 2020, Hazlett appealed the notice of suspension to the trial court, which conducted an evidentiary appeal hearing.  R.R. at 1a.  At that hearing, the parties made strictly legal arguments and stipulated to the facts and the introduction of Hazlett's driving record.  R.R. at 13a-20a.  After considering Hazlett's driving record and the parties' arguments, the trial court granted Hazlett's appeal, thereby preventing DOT from suspending Hazlett's operating privilege.  R.R. at 37a.

DOT timely appealed the trial court's order.  On appeal, DOT asserts that Hazlett's acceptance of ARD should be considered a prior offense for purposes of imposing an operating privilege suspension, which is a civil sanction.  As a result, DOT asserts that Hazlett's operating privilege should be suspended for a period of 12 months.

## II.    Analysis

"In reviewing an operating privilege suspension case, our standard of review is limited to determining whether the trial court's findings of fact were supported by

2

substantial evidence, whether errors of law had been committed or whether the trial court's determination demonstrated a manifest abuse of discretion." *Finnegan v. Dep't of Transp., Bureau of Driver Licensing*, 844 A.2d 645, 647 n.2 (Pa. Cmwlth. 2004) (citation omitted). "The scope of review is plenary, however, when the matter involves no disputed facts, and nothing but a question of law is considered." *Id.*

If a driver does not have any prior DUI offenses and he is convicted and sentenced for an ungraded misdemeanor DUI, DOT may not suspend his operating privilege. Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa.C.S. §3804(e)(2)(iii). If a driver has a prior DUI offense, however, and he is convicted of a subsequent, ungraded misdemeanor DUI, DOT must suspend his operating privilege for a period of 12 months. 75 Pa.C.S. §3804(e)(2)(i). Section 3806(a) of the Vehicle Code defines a "prior offense" as including acceptance of ARD for a DUI offense. 75 Pa.C.S. §3806(a).

Hazlett and DOT both agree that Hazlett accepted ARD for a prior DUI offense and that his current conviction was for an ungraded misdemeanor DUI. Hazlett, however, asserts that his acceptance of ARD cannot be considered a prior offense due to the holding of *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2021). In *Chichkin*, the Superior Court determined that "the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a 'prior offense' is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code . . . ." *Ferguson v. Dep't of Transp., Bureau of Driver Licensing*, 267 A.3d 628, 632 (Pa. Cmwlth. 2021) (citing *Chichkin*), *petition for allowance of appeal granted*, __ A.3d __ (Pa., No. 28 MAL 2022, filed June 22, 2022). The trial court, in an opinion and order dated September 4, 2020, adopted the reasoning of the

Superior Court in *Chichkin* and determined that DOT was precluded from considering Hazlett's acceptance of ARD as a prior offense.

On December 22, 2021, in *Ferguson*, 267 A.3d at 632, an en banc panel of this Court determined that "the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes." Accordingly, a driver's prior acceptance of ARD for a DUI offense can be considered by DOT as a "prior offense" for purposes of imposing a new operating privilege suspension. *Id*. For the reasons outlined in *Ferguson*, which we need not repeat here, we reject Hazlett's argument that *Chichkin* applies to civil license suspension proceedings. Therefore, DOT was permitted to consider Hazlett's acceptance of ARD as a prior offense and suspend Hazlett's operating privilege for 12 months.

### III.    Conclusion

Hazlett's argument that a driver's acceptance of ARD for a DUI offense cannot be treated as a prior offense for purposes of future DUI-related operating privilege suspensions was recently rejected by this Court. *See Ferguson*, 267 A.3d at 632. Accordingly, we follow our prior, precedential decision in *Ferguson*, reject Hazlett's argument, and reverse the trial court's order.

<br>

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Charles Hazlett          :
                                            :
            v.                    :   No.  1007 C.D. 2020
                                            :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                 Appellant   :

# **O R D E R**

**AND NOW**, this 30th day of September 2022, the order of the Court of Common Pleas of Mercer County, entered September 9, 2020, in this matter, is **REVERSED**.

_____
STACY WALLACE, Judge