527 A.2d 1119

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert F. Stewart, Appellee.

Submitted on briefs May 18, 1987, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Robert Davis Gleason,* for appellee.

OPINION BY JUDGE PALLADINO, July 1, 1987:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) appeals an order of the Court of Common Pleas of Cambria County which reversed DOT's suspension of Respondent Robert F. Stewart's driving privileges. For the reasons set forth below, we reverse.

On July 14, 1984, a police officer received a call reporting that there had been an automobile accident. When he arrived on the scene of the accident, he observed Respondent leaning over the trunk of his car removing a spare tire. There was no one else around the vehicle. During the ensuing questioning, at which time Respondent admitted to having been operating the vehicle, the officer noticed that Respondent had the strong smell of alcohol on his breath. The officer asked Respondent to take a field sobriety test, which Respondent did not pass.[1]

At that point, the officer arrested Respondent for driving under the influence of alcohol. Respondent was driven to the police station, where he was requested to submit to a breathalyzer test. Despite being warned that refusal would result in a suspension of his driving privileges, Respondent refused the test.

The sole issue for review is whether the police officer had reasonable grounds to believe that Respondent had been driving under the influence of alcohol.[2] Rea-

---

[1] The officer stated that he gave Respondent three field sobriety tests. He asked Respondent to walk a straight line, which Respondent was unable to do. He placed a coin between Respondent's feet and asked him to pick it up which Respondent had difficulty in doing. Finally, he asked Respondent to lean back, arms extended, and touch his nose. He stated that Respondent's reaction was to touch the top of his nose up towards his eyes.

[2] In order to suspend a motorist's driving license under Section 1547(b) of the Vehicle Code, *as amended*, 75 Pa. C. S. §1547(b), DOT must show that the motorist was: (1) arrested for

sonable grounds has been defined as: "whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor." *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 205, 363 A.2d 870, 872 (1976).

The trial court held that "[a] man changing a tire is not a fact or circumstance where a reasonable person in the position of a police officer would have concluded that the motorist was operating the vehicle under the influence of intoxicating liquor."[3] While this may be true, the trial court nevertheless improperly focused its attention on the police officer's reasonable state of mind at the time the officer approached the scene of the accident. The inquiry is not whether the officer, as he approached the scene, had reasonable grounds, rather it is whether, *at any time* during the course of interaction between the officer and Respondent, the officer was given reasonable grounds to believe he was driving under the influence of alcohol.

The officer was investigating the scene of an accident about which he had received a radio call. During the investigation, the officer noticed the strong smell of alcohol on Respondent's breath. He asked him to take a field sobriety test, which Respondent did not pass. The officer testified that Respondent could not even walk a

_____

driving under the influence; (2) requested to submit to chemical testing but refused; and (3) warned that refusal will result in license suspension. In addition, under Section 1547(a) which triggers the suspension provision, a police officer must have reasonable grounds to believe that the motorist was driving the car under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Webster,* 104 Pa. Commonwealth Ct. 214, 521 A.2d 519 (1987).

[3] Trial court opinion at 1.

straight line. These circumstances clearly warrant a reasonable person's belief that Respondent was driving under the influence of alcohol.

Accordingly, the order of the trial court is reversed.

ORDER

AND NOW, July 1, 1987, the order of the Court of Common Pleas of Cambria County on the above-captioned matter is reversed.