Joseph John KACHURAK, Appellant

v.

COMMONWEALTH of Pennsylvania,
Department of Transportation,
Bureau of Driver Licensing.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 2006.

Decided Dec. 27, 2006.

Bruce J. Phillips, Wilkes–Barre, for appellant.

Terrance M. Edwards, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Joseph John Kachurak appeals from an order of the Court of Common Pleas of Luzerne County (trial court), which denied his statutory appeal from a suspension of his driving privileges by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT) pursuant to Section 1547 of the Vehicle Code (Code).[1] We affirm the trial court.

On February 8, 2006, PennDOT notified Kachurak that his driving privileges were being suspended for one year, effective March 15, 2006, as a result of his refusal to submit to chemical testing on January 26, 2006. Reproduced Record at 25a–27a (R.R. ——). Kachurak subsequently filed a timely appeal and on May 31, 2006, the trial court held a *de novo* hearing.

At the hearing, the sole witness, Officer David Allen Rinehimer of the Dallas Borough Police Department, testified to the following. On January 26, 2006, Officer Rinehimer was on patrol in a marked police vehicle when he received a dispatch from the Luzerne County 911 Center to be on the lookout for an erratic driver who was possibly intoxicated traveling up State Route 309 at a high rate of speed.

Officer Rinehimer subsequently observed and began following a pick-up truck matching the description of the vehicle made by the dispatcher. As he came up behind the vehicle, Officer Rinehimer watched the truck veer over the center line, kicking up salt and cinders that were in the middle of the turning lane. Officer Rinehimer explained that the truck came back into the driving lane as it continued up the road, but it "veered a couple more times" as it approached an intersection. R.R. 32a. While proceeding through the

1. 75 Pa.C.S. § 1547. Section 1547(b)(1)(i) of the Code, commonly referred to as the "Implied Consent Law," authorizes suspension of the driving privileges of a licensee for one year where the licensee is placed under arrest for driving under the influence of alcohol, and the licensee refuses a police officer's request to submit to chemical testing.

intersection, Officer Rinehimer saw the truck veer towards the guide rail on one side of the intersection, nearly taking it out. The truck then continued along the narrow berm of the road, at which time Officer Rinehimer activated his lights and siren. However, the vehicle continued moving forward; again crossed over the yellow line for the center turning lane; came back into the driving lane; slowed a bit; and then pulled over.

Officer Rinehimer approached the vehicle operator, whom he identified as Kachurak, and asked for his driver's license, registration and proof of insurance. Kachurak fumbled through the vehicle and his pockets but could not locate the information. Kachurak did locate and pull out a bottle of pills. When questioned as to what the pills were for, Kachurak stated that he was a diabetic. Officer Rinehimer detected the odor of alcohol and noticed that Kachurak's speech was slurred and his eyes were glassy, red and bloodshot.

Upon request, Kachurak exited the vehicle, at which time he began to stagger. Kachurak walked to the rear of the vehicle with an "obvious stagger" and refused to take a breath test. A field sobriety test was not performed because Officer Rinehimer was not sure whether Kachurak was having a diabetic emergency and did not want Kachurak to fall over and injure himself while performing the test. Officer Rinehimer testified that "due to his condition and the observations that I had made," he placed Kachurak under arrest for suspected driving under the influence of alcohol and transported him to Wilkes–Barre General Hospital for a chemical test of his blood. R.R. 33a. At the hospital, Officer Rinehimer read Kachurak a form requesting him to submit to a chemical test. Kachurak responded that he would not take the test and signed the form indicating that he declined to take the test.

On cross-examination, Officer Rinehimer acknowledged that in his prior testimony at a preliminary hearing he stated that the only reason he stopped Kachurak was because of his erratic driving. Officer Rinehimer agreed that Kachurak did not strike any objects, did not interfere with oncoming traffic and did not interfere with traffic in his lane of travel.

Kachurak's counsel then argued to the trial court that the suspension should be overturned because the stop was not appropriate. Counsel asserted that erratic driving as perceived by a police officer, without anything more, is an insufficient basis for a traffic stop to be lawful.

At the end of the hearing, the trial court found Officer Rinehimer's testimony credible and, based on the facts and relevant case law, determined that there was no merit to Kachurak's appeal. The trial court issued an order on May 31, 2006, dismissing the appeal; subsequently, on July 31, 2006, the trial court issued an opinion. In its opinion, the trial court noted that in addition to observing erratic driving, Officer Rinehimer had another reason for stopping Kachurak, namely, the information received from the 911 dispatcher. Trial Court Opinion at 4–5. Nevertheless, the trial court explained that the lawfulness of a driver's underlying arrest is irrelevant when determining whether operating privileges can be properly suspended as a result of a driver's refusal to submit to a chemical test. Because the parties agreed that Kachurak was arrested for DUI; that he was asked to submit to chemical testing; that he was specifically warned that his refusal would result in revocation of his operating privileges; and that he refused to take the test, the trial court concluded that PennDOT met its burden of proof. Kachurak now appeals to this Court.

■ On appeal,[2] Kachurak contends that the trial court abused its discretion by finding that there was an additional reason besides erratic driving for the traffic stop. Kachurak argues that there is no competent evidence to support that finding because Officer Rinehimer testified that the only reason he stopped Kachurak was because of erratic driving. Kachurak asserts that a motorist's erratic driving is not a violation of the Vehicle Code and, without more, a police officer lacks probable cause to execute a traffic stop. Therefore, Kachurak maintains that Officer Rinehimer's stop of Kachurak was unlawful and the appeal should have been sustained.

PennDOT counters that Kachurak's theory that his license suspension was improper because the underlying traffic stop was purportedly illegal, has been clearly, consistently and repeatedly rejected by the courts for many years. PennDOT asserts that because Kachurak does not attempt to distinguish any of the binding precedent or even acknowledge its existence, his appeal is frivolous and PennDOT should be awarded a reasonable counsel fee.

■ To establish that a suspension of operating privileges was proper, PennDOT must prove at a statutory appeal hearing that the licensee (1) was arrested for driving while under the influence by a police officer who had reasonable grounds to believe that the licensee was operating a vehicle while under the influence of alcohol or a controlled substance, (2) was asked to submit to a chemical test, (3) refused to do

so, and (4) was warned that a refusal would result in a license suspension. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 558 Pa. 439, 445, 737 A.2d 1203, 1206 (1999). An officer has reasonable grounds to believe an individual was operating a motor vehicle under the influence of alcohol "if a reasonable person in the position of the police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove his car while under the influence of alcohol." *McCallum v. Commonwealth*, 140 Pa. Cmwlth. 317, 592 A.2d 820, 822 (1991). The test for determining if reasonable grounds exist is not very demanding. *Hasson v. Department of Transportation, Bureau of Driver Licensing*, 866 A.2d 1181, 1185 (Pa.Cmwlth.2005). An officer may acquire reasonable grounds to believe that a licensee was driving under the influence of alcohol *at any time* during the course of interaction between the officer and the licensee. *Department of Transportation, Bureau of Traffic Safety v. Stewart*, 107 Pa.Cmwlth. 200, 527 A.2d 1119, 1120 (1987) (emphasis in original).

■ The standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution. *Banner*, 558 Pa. at 446, 737 A.2d at 1207. A driver's guilt or innocence of a criminal offense is not at issue in the license suspension proceedings. *Department of Transportation v. Wysocki*, 517 Pa. 175,

---

**2.** This Court's scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Finnegan v. Department of Transportation, Bureau of Driver Licensing*, 844 A.2d 645, 648 n. 3 (Pa.Cmwlth.2004). "Abuse of discretion is not merely an error of judgment; however, if,

in reaching a conclusion, the law is overridden or misapplied, *or the judgment exercised is manifestly unreasonable* or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Gillespie v. Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317, 319 (Pa.Cmwlth.2005) (emphasis in original).

180, 535 A.2d 77, 79 (1987). It is axiomatic that the legality of a driver's underlying DUI arrest is irrelevant for purposes of a license suspension proceeding for refusal to submit to chemical testing. *Id.; Mitchell v. Department of Transportation, Bureau of Driver Licensing,* 826 A.2d 936, 939 (Pa.Cmwlth.2003); *Zwibel v. Department of Transportation, Bureau of Driver Licensing,* 832 A.2d 599, 603 (Pa.Cmwlth. 2003).

Kachurak's argument on appeal focuses solely on the validity of Officer Rinehimer's reasons for stopping Kachurak. In support, he cites *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001) and *Commonwealth v. Battaglia,* 802 A.2d 652 (Pa.Super.2002). Both cases arose from a motion to suppress evidence in a criminal case. In each case, evidence was suppressed because the court held that "perceived 'erratic driving' in and of itself is not a violation of the [Vehicle] Code and, without more, does not provide probable cause to execute a traffic stop." *Id.* at 657. In the absence of probable cause, the vehicle stops were held to be invalid.

■ *Gleason* and *Battaglia* are criminal cases and, as such, irrelevant to a license suspension matter. The law is clear that the legality of the underlying DUI arrest is of no moment in a license suspension that results from a refusal to submit to chemical testing. It is irrelevant whether Officer Rinehimer had probable cause for executing the traffic stop.[3] An illegal arrest is not an impediment to a license suspension for refusing a chemical blood test. *Wysocki,* 517 Pa. at 180, 535 A.2d at 79.

■ It is undisputed that when Kachurak was pulled over he smelled of alcohol; his speech was slurred; his eyes were glassy, red and bloodshot; and he was staggering outside of the vehicle. These were reasonable grounds for Officer Rinehimer to believe Kachurak was operating a vehicle under the influence of alcohol. *McCallum,* 592 A.2d at 822. Kachurak was asked to submit to a chemical test, but he refused to do so despite being warned of the consequence of a refusal. PennDOT met each element of its burden of proving its case under *Banner,* and the trial court appropriately denied Kachurak's appeal.

■ We turn, next, to PennDOT's request for an award of attorney's fees, as provided for by PA. R.A.P. 2744,[4] on the basis that Kachurak has presented a frivolous appeal. An appeal is frivolous if it is lacking in any reasonable basis in either law or fact. *Adams v. Pennsylvania*

---

**3.** Although the reasons for the initial stop are irrelevant, we do not believe that the trial court abused its discretion in finding that Officer Rinehimer had an additional reason besides perceived erratic driving for stopping Kachurak. While it is true that Officer Rinehimer testified that his only reason for stopping Kachurak was erratic driving, he also testified that his reason for following Kachurak in the first place was because of information received in a 911 dispatch to be on the lookout for a possibly intoxicated driver. The trial court judge was free to consider all the testimony and she did not abuse her discretion in finding that the 911 dispatch, not just the observed erratic driving, prompted Officer Rinehimer to stop Kachurak's truck.

**4.** Rule 2744, "Further costs. Counsel Fees. Damages for Delay," states in pertinent part:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay ... if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

PA R.A.P. 2744.

*Board of Probation and Parole,* 885 A.2d 1121, 1123 (Pa.Cmwlth.2005). Kachurak's appeal is frivolous under this standard.

■ First, this Court has held that when no justiciable question has been presented and the appeal is easily recognized as lacking merit, the appeal warrants the imposition of attorney fees. *Hewitt v. Commonwealth,* 116 Pa.Cmwlth. 413, 541 A.2d 1183, 1184–1185 (1988). In *Hewitt,* the licensee had his license revoked for a period of five years as a habitual offender, and he appealed the revocation, arguing that the well-settled law on the issue was not controlling in his case. This Court determined the appeal to be frivolous because the licensee did not cite any legal support for his argument that the controlling law did not apply to his case. *Id.* at 1186, 541 A.2d 1183. Here, Kachurak did less. Kachurak did not merely fail to cite to legal authority in his argument; his argument blatantly ignored the controlling law. Under *Hewitt,* Kachurak's appeal is frivolous.

Second, this Court has held that an argument that the officer lacked probable cause for the traffic stop was "facially meritless" in a license suspension appeal. *Zwibel,* 832 A.2d at 607. Here, both counsel for PennDOT in its trial brief and the trial court explained to Kachurak that the lawfulness of the underlying arrest was irrelevant to whether a licensee's operating privileges can be suspended for refusing to submit to chemical testing. Nevertheless, on appeal to this court, Kachurak continued to make the "facially meritless" argument that Officer Rinehimer lacked

probable cause to stop him. As in *Zwibel,* the argument was frivolous.[5]

In short, pursuing an appeal that is contraindicated by well-established controlling law, even after it is pointed out by opposing counsel and the trial court, makes that appeal a frivolous one. Accordingly, this matter is remanded to the trial court to determine the amount of reasonable attorney's fees due and owing to PennDOT. The trial court shall also investigate the circumstances that prompted this frivolous appeal and determine whether the attorney's fees should be paid by Kachurak, his attorney, or both. *See Zwibel,* 832 A.2d at 608 (trial court to determine who shall pay counsel fees).

The trial court's order is affirmed.

### ORDER

AND NOW, this 27th day of December, 2006, the order of the Court of Common Pleas of Luzerne County, dated May 31, 2006, in the above-captioned case is hereby affirmed. Pursuant to PA. R.A.P. 2744, attorney's fees are granted to PennDOT, and this case is remanded to the Court of Common Pleas of Luzerne County for a determination of reasonable attorney's fees. The trial court shall also determine whether the attorney's fees shall be paid by Joseph John Kachurak, his attorney, or both.

Jurisdiction relinquished.

### CONCURRING AND DISSENTING OPINION BY Judge McGINLEY.

I concur with the majority's decision to affirm the denial of Joseph John Kachurak's (Kachurak) appeal of the suspension

---

5. The concurring and dissenting opinion believes that Kachurak's appeal was not frivolous as defined in *Hewitt.* We believe that Kachurak's appeal was even more frivolous than Hewitt's appeal. Kachurak cited no authority to demonstrate why the clearly con-

trolling law does not apply to his case. He simply ignored the existence of controlling law, which was set forth in PennDOT's trial brief. As such, we agree with PennDOT that Kachurak's appeal is frivolous and grant its request for attorney's fees.

of his driving privileges. I respectfully dissent to the majority's conclusion that Joseph John Kachurak's (Kachurak) appeal was frivolous and that DOT is entitled to an award of attorney's fees as provided for by Pa.R.A.P. 2744. Under Pa.R.A.P. 2744 an appellate court may award a reasonable counsel fee, "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious." The majority correctly states that an appeal is frivolous when no justiciable question has presented and the appeal is easily recognized as lacking any merit. *Hewitt v. Commonwealth of Pennsylvania*, 116 Pa. Cmwlth. 413, 541 A.2d 1183 (1988). While I agree with the majority that Kachurak should not prevail on his appeal, I do not believe that the appeal was frivolous as defined in *Hewitt*. Further, DOT does not allege that Kachurak's conduct was dilatory, obdurate, or vexatious. I would deny the request for attorney's fees under Pa. R.A.P. 2744.