# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joy Schwartz, Jacqueline R. Hamilton, : **CASES CONSOLIDATED**
Paul Rumley, William W. Hamilton Jr., :
Leah Hoopes, William W. Hamilton Sr., :
Gregory Stenstrom, Kathryn Buckley, :
Patricia Bleasdale, Dean Dreibelbis, :
Loranne Mazzulo, Bill Dennon, Tina :
Hamilton, Joey Mazza, and :
John C. Vizzarri, :
                        Appellants :
                            :
         v. :
                            :
County of Delaware and Delaware :
County Bureau of Elections : No. 1497 C.D. 2023


Joy Schwartz, Patricia Bleasdale, :
Kathryn Buckley, Bill Dennon, Dean :
Dreibelbis, Tina Hamilton, Leah :
Hoopes, Joey Mazza, Loranne :
Mazzulo, Kathy Needham, Tiffany :
Needham, Paul Rumley, Gregory :
Stenstrom, John J. Needham, and :
John C. Vizzarri, :
                        Appellants :
                            :
         v. :
                            :
Delaware County and Delaware County :
Bureau of Elections : No. 1498 C.D. 2023

Joy Schwartz, Paul Rumley, Leah :
Hoopes, Gregory Stenstrom, Kathryn :
Buckley, Patricia Bleasdale, Dean :
Dreibelbis, Loranne Mazzulo, Bill :
Dennon, Tina Hamilton, Joey Mazza, :
and John C. Vizzarri, :

|                                                                  |   |                       |
|------------------------------------------------------------------|---|-----------------------|
| Appellants                                                       | : |                       |
|                                                                  | : |                       |
| v.                                                               | : |                       |
|                                                                  | : |                       |
| County of Delaware and Delaware                                  | : |                       |
| County Bureau of Elections                                       | : | No. 1499 C.D. 2023    |

Joy Schwartz, Patricia Bleasdale,    :
Kathryn Buckley, Caroline Cecchine,   :
Christopher Cecchine, Phyletta Knapp  :
Cecchine, Bill Dennon, Dean Dreibelbis,:
Tina Hamilton, Leah Hoopes, Joey     :
Mazza, Loranne Mazzulo, Paul Rumley, :
Gregory Stenstrom, and John C.      :
Vizzarri,                                 :
                     Appellants   :
                                  :
          v.                        :
                                  :
Delaware County and Delaware County :
Bureau of Elections                : No. 1500 C.D. 2023

Joy Schwartz, Joseph C. Vizzarri, Paul :
Rumley, Kristen Caparra, Leah Hoopes, :
Gregory Stenstrom, Kathryn Buckley,  :
Patricia Bleasdale, Dean Dreibelbis,   :
Loranne Mazzulo, Bill Dennon,      :
Tina Hamilton, Joey Mazza and,     :
John C. Vizzarri,                :
                     Appellants   :
                                  :
          v.                        :
                                  :
County of Delaware and Delaware    :
County Bureau of Elections       : No. 1501 C.D. 2023

Joy Schwartz, Patricia Bleasdale,    :
Kathryn Buckley, Bill Dennon, Dean   :
Dreibelbis, Tina Hamilton, Leah     :
Hoopes, Joey Mazza, Loranne Mazzulo, :

Paul Rumley, Euphrosyne F.               :
Schwartz, Lawrence B. Schwartz,          :
Melody J. Schwartz, Gregory              :
Stenstrom, and John C. Vizzarri,         :
                              Appellants :
                                         :
              v.                         :
                                         :
County of Delaware and Delaware          :
County Bureau of Elections               : No.  1502 C.D. 2023

Joy Schwartz, Rebecca Duggan,            :
Paul Rumley, Joanne R. Nammavong,        :
Leah Hoopes, Judith M. Duggan,           :
Gregory Stenstrom, Kathryn Buckley,      :
Patricia Bleasdale, Dean Dreibelbis,     :
Loranne Mazzulo, Bill Dennon, Tina       :
Hamilton, Joey Mazza, and                :
John C. Vizzarri,                        :
                              Appellants :
                                         :
              v.                         :
                                         :
County of Delaware and Delaware          :
County Bureau of Elections               : No.  1503 C.D. 2023

Joy Schwartz, Patricia Bleasdale,        :
Kathryn Buckley, Bill Dennon,            :
Dan Donohue, Dean Dreibelbis,            :
Marlin Fine, Tina Hamilton, Thaddeus     :
P. Kavanagh, Joey Mazza, Loranne         :
Mazzulo, Paul Rumley, Gregory            :
Stenstrom, and John C. Vizzarri,         :
                              Appellants :
                                         :
              v.                         :
                                         :
County of Delaware and Delaware          :
County Bureau of Elections               : No.  1504 C.D. 2023

3

Joy Schwartz, Lisa M. George,  :
Paul Rumley, Howard George,  :
Leah Hoopes, Mark Kennedy,  :
Gregory Stenstrom, Kathryn Buckley,  :
Patricia Bleasdale, Dean Dreibelbis,  :
Loranne Mazzulo, Bill Dennon, Tina  :
Hamilton, Joey Mazza, and  :
John C. Vizzarri,  :
                    Appellants  :
                      :
            v.  :
                      :
County of Delaware and Delaware  :
County Bureau of Elections  : No.  1505 C.D. 2023

Joy Schwartz, Patricia Bleasdale,  :
Kathryn Buckley, Robert Clements,  :
Bill Dennon, Dean Dreibelbis, Tina  :
Hamilton, Leah Hoopes, Joey Mazza,  :
Loranne Mazzulo, Marc Millison,  :
Ronald W. Peterson, Paul Rumley,  :
Gregory Stenstrom, and  :
John C. Vizzarri,  :
                    Appellants  :
                      :
            v.  :
                      :
County of Delaware and Delaware  :
County Bureau of Elections  : No.  1506 C.D. 2023

Joy Schwartz, Ryan Dumort, Paul  :
Rumley, Mark Dumort, Leah Hoopes,  :
Brian Fasy, Gregory Stenstrom,  :
Cathleen Fasy, Kathryn Buckley,  :
Patricia Bleasdale, Dean Dreibelbis,  :
Loranne Mazzulo, Bill Dennon, Tina  :
Hamilton, Joey Mazza, and  :
John C. Vizzarri,  :
                    Appellants  :
                      :

4

|                                         |   |                    |
|-----------------------------------------|---|--------------------|
| v.                                      | : |                    |
|                                         | : |                    |
|                                         | : |                    |
| County of Delaware and Delaware         | : |                    |
| County Bureau of Elections              | : | No.  1507 C.D. 2023 |

Joy Schwartz, Patricia Bleasdale, :
Kathryn Buckley, Annalise Dati, :
Deborah Dati, Gerald Dati, Bill Dennon, :
Dean Dreibelbis, Tina Hamilton, Leah :
Hoopes, Joey Mazza, Loranne Mazzulo, :
Paul Rumley, Gregory Stenstrom, and :
John C. Vizzarri, :
                                Appellants :
                                          :
                  v. :
                        :

County of Delaware and Delaware :
County Bureau of Elections : No.  1508 C.D. 2023

Joy Schwartz, Michelle Saler, Paul :
Rumley, M. Saler, Leah Hoopes, :
Ellen Funari, Gregory Stenstrom, :
Joseph Funari, Kathryn Buckley, :
Patricia Bleasdale, Dean Dreibelbis, :
Loranne Mazzulo, Bill Dennon, :
Tina Hamilton, Joey Mazza, and :
John C. Vizzarri, :
                                Appellants :
                                          :
                  v. :
                        :

County of Delaware and Delaware :
County Bureau of Elections : No.  1509 C.D. 2023

Joy Schwartz, Patricia Bleasdale, :
Kathryn Buckley, Bill Dennon, Dean :
Dreibelbis, Tina Hamilton, Leah :
Hoopes, Joey Mazza, Austin Mazzuli, :
Loranne Mazzulo, Russ Mazzulo, :
Victoria Mazzulo, Paul Rumley, :

Gregory Stenstrom, and            :
John C. Vizzarri,                 :
                Appellants  :
                                     :
         v.                    :
                                       :
Delaware County and Delaware      : No.  1510 C.D. 2023
County Bureau of Elections        : Submitted:  October 8, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                         FILED:  November 21, 2024


This matter involves 14 *pro se* petitions to open ballot boxes and recanvass voting machines filed in the Delaware County Court of Common Pleas (Common Pleas).  The electors who filed these petitions (collectively, the Appellants) sought to review ballots and related records from the 2023 Municipal Election.  The Delaware County Bureau of Elections (Bureau) filed preliminary objections, arguing the Appellants did not comply with the requirements of the Pennsylvania Election Code (Election Code).[1]  Common Pleas sustained the preliminary objections and dismissed the petitions with prejudice by orders dated December 13, 2023.  The Appellants appealed, and the Bureau now responds by arguing the appeal is frivolous and requesting an award of attorney's fees and costs.  After careful review, we affirm Common Pleas' orders but deny the Bureau's request for fees and costs.

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

## BACKGROUND

The Appellants filed their petitions to open ballot boxes and recanvass voting machines on November 15, 2023, requesting that Common Pleas order Delaware County and the Bureau[2] to produce ballots and other records from various Delaware County election districts and the "Union Power Plant (Wharf) Centralized Counting Center" (Wharf).[3] Reproduced Record (R.R.) at 3 (emphasis and unnecessary capitalization omitted). The Appellants did not specify any race they intended to challenge but apparently sought to review the results of the 2023 Municipal Election as a whole. The Appellants requested:

> 1. ALL ballots used in the Election in the precincts at issue in the above-captioned actions for photograph by [the Appellants].
>
> 2. ALL unredacted documents used in the adjudication of ballots cast by electors from the precincts at issue in the above-captioned action(s) for photograph by [the Appellants].
>
> 3. ALL unredacted outer envelopes from the precinct(s) by mail or absentee at issue in the above-captioned action(s) for photograph by [the Appellants].
>
> 4. ALL unredacted Poll Books (and/or Blue Books) from the precincts at issue in the above-captioned action(s) for photograph by [the Appellants].
>
> 5. ALL unredacted Absentee and Mail in Ballot envelope images with unredacted signatures taken by the BlueCrest mail sorter with metadata intact.

---

[2] The Bureau appears interchangeably as the "Board of Elections" in court filings. *See* Delaware County, Pennsylvania, *About Us*, https://www.delcopa.gov/vote/about.html (last visited Nov. 20, 2024) (distinguishing between the Bureau and the Board of Elections).

[3] The Bureau indicates there were 2 petitions filed in addition to the 14 on appeal, including "a blank form [p]etition that was filed in error" and a petition that was "substantially a duplicate of another" petition. Bureau's Br. at 3 n.1.

6. A digital copy of ALL Absentee and Mail in Ballot envelope images with unredacted signatures taken by the BlueCrest mail sorter with metadata intact.

7. A digital copy of the Cast Vote Record (CVR) file for the central tabulator used in November 2023 municipal elections at issue in the above captioned actions.

*Id.* at 14.

Significantly, the Appellants did not offer evidence of fraud or error in support of their request to open ballot boxes and recanvass voting machines but cited the recount and recanvass procedures of Sections 1701-02 of the Election Code[4] for the proposition that no evidence was necessary. The Appellants also cited Section 1307-D of the Election Code,[5] governing public records relating to mail-in ballots, Section 1308 of the Election Code,[6] relating to absentee and mail-in ballot canvassing, and Section 1404 of the Election Code,[7] relating to computation of returns by the county election board.

The Bureau filed preliminary objections on November 22, 2023, arguing the Appellants failed to comply with Section 1703 of the Election Code[8] because they did not file petitions with respect to every election district in which ballots were cast

---

[4] 25 P.S. §§ 3261-62.

[5] Added by Section 8 of the Act of October 31, 2019, P.L. 552, 25 P.S. § 3150.17.

[6] Added by Section 11 of the Act of March 6, 1951, P.L. 3, 25 P.S. § 3146.8.

[7] 25 P.S. § 3154.

[8] 25 P.S. § 3263.

for the offices in question and, alternatively, did not offer evidence of fraud or error.[9] In addition, the Bureau argued the Appellants' requested relief was outside the scope of a petition to open ballot boxes and recanvass voting machines, which permits only a recount of votes if the petition is successful.[10] The Bureau added that "the contents of ballot boxes and voting machines and records of assisted voters" are exempt from public inspection under the Election Code, which meant the Appellants were not entitled to the CVR. R.R. at 562 (quoting Section 308 of the Election Code[11]).

The Appellants filed a response to the Bureau's preliminary objections on December 6, 2023, and Common Pleas heard argument that same day.[12] By orders

---

[9] The Bureau did not file its preliminary objections at Common Pleas docket number CV-2023-009793, which applies to election district Middletown 1-1. Nonetheless, the Appellants filed their response to the preliminary objections at that docket number. Common Pleas ultimately sustained the Bureau's preliminary objections with respect to CV-2023-009793, and the Appellants appealed at Commonwealth Court docket number 1506 C.D. 2023. The Appellants do not raise the Bureau's failure to file their preliminary objections at CV-2023-009793 on appeal.

[10] The Bureau also questioned the Appellants' standing, asserting each petition included signatures from individuals who were not qualified electors in the election districts at issue, and two of the petitions did not include the minimum three qualified electors from the election districts necessary to file the petitions. Common Pleas did not specifically rule on the Appellants' standing when reaching its decision, and the issue is not necessary to our disposition, so we do not consider it further.

[11] 25 P.S. § 2648.

[12] An attorney appeared on behalf of two of the Appellants, Joey Mazza and John C. Vizzarri, during the hearing, but they have otherwise remained *pro se* throughout these proceedings, including in these appeals. We note some scheduling confusion regarding the hearing. According to Common Pleas, it originally set several hearings on the petitions for December 4, 2023, with notice provided via e-mail. Common Pleas Op. (1497-98, 1500-10 C.D. 2023), 2/5/24, at 4-5. Common Pleas rescheduled the hearing for the petition regarding the Wharf to December 6, 2023, but the Appellants believed Common Pleas rescheduled every hearing addressing every petition. *Id.* at 5. Thus, the Appellants did not attend the December 4, 2023 hearings and appeared only on December 6, 2023. *Id.* Transcripts from December 4, 2023, reveal Common Pleas announced it would sustain the Bureau's preliminary objections after the Appellants failed to appear. Despite **(Footnote continued on next page…)**

9

dated December 13, 2023, Common Pleas sustained the Bureau's preliminary objections and dismissed the petitions with prejudice. Common Pleas observed the Appellants appeared to be seeking recounts with respect to every race on the ballot in Delaware County during the 2023 Municipal Election but filed petitions with respect to only 13 of Delaware County's 428 election districts. Citing *In re: Recount of Berks County General Election of November 8, 2022*, 296 A.3d 64 (Pa. Cmwlth.) (single-judge op.) (Wallace, J.) (*Berks County I*), *aff'd*, 297 A.3d 687 (Pa. 2023) (*Berks County II*), *overruled in part*, *Honey v. Lycoming County Offices of Voter Services*, 312 A.3d 942 (Pa. Cmwlth. 2024), Common Pleas accepted the Bureau's argument that the Appellants did not file petitions with respect to every election district in which ballots were cast for the offices in question and did not offer evidence of fraud or error. Regarding the Wharf, Common Pleas explained this is a facility where votes are tabulated for Delaware County and not an election district.

The Appellants timely filed notices of appeal. In their brief, the Appellants argue Common Pleas and this Court in *Berks County I* misinterpreted Sections 1701-03 of the Election Code by requiring them to file petitions with respect to every election district in which ballots were cast for the offices in question or offer evidence of fraud or error.[13] Appellants' Br. at 3-5, 10-21. The Appellants

---

this, Common Pleas explains it considered the Appellants' response to the Bureau's preliminary objections before issuing the orders on appeal. *Id.* at 6.

[13] The Appellants assert courts have conflated the "amended consolidated [E]lection [C]ode sections [sic] §§ 3261-3263" and the "former unamended sections [sic] §§ 1701-1703 originally enacted in year 1937." Appellants' Br. at 15-20. Pennsylvania statutes remain only partially codified. When this Court cites uncodified statutes, such as the Election Code, it uses the official section numbers from Pennsylvania's Pamphlet Laws, e.g., "Sections 1701-03 of the Election Code," and the unofficial section numbers from Purdon's Pennsylvania Statutes, e.g., "25 P.S. §§ 3261-63." These are merely different ways of referring to the same statutory text, including any amendments.

emphasize they are proceeding *pro se* and argue their court filings should not be subject to technicalities. *Id.* at 8-9, 21-22. Further, the Appellants contend Common Pleas and this Court have deprived them of a fair election in violation of their fundamental right to an equal vote under the United States Constitution, which preempts any contrary state law. *Id.* at 6-14. They maintain our holding in *Berks County I* is badly reasoned, unworkable, and should not be treated as precedential under the principle of stare decisis in light of these constitutional violations. *Id.* at 10-14.

## DISCUSSION

The Appellants' appeals involve an issue of statutory construction, for which our standard of review is *de novo* and our scope of review is plenary. *In re: Petitions to Open Ballot Boxes Pursuant to 25 P.S. §3261(A)*, 295 A.3d 325, 334 (Pa. Cmwlth. 2023) (*Ballot Boxes*). "This means we do not defer to Common Pleas when reaching a decision and review the entire record on appeal." *Id.* at 333. Our goal when interpreting a statute is to give effect to the General Assembly's intent. *Stadium Casino RE, LLC v. Pa. Gaming Control Bd.*, 318 A.3d 789, 798 (Pa. 2024). In this regard, we focus our analysis on the language of the statute, "and where that language is clear and unambiguous, we may not disregard its plain meaning under the guise of pursuing its spirit." *Id.* at 798-99.

The Appellants rely on Section 1701(a) of the Election Code, which provides, in relevant part:

> (a) . . . [T]he court of common pleas, or a judge thereof, of the county in which any election district is located in which ballots were used, shall open the ballot box of such election district used at any general, municipal, special or primary election held therein, and cause the entire vote thereof to be correctly counted by persons designated by such court or judge, if three qualified electors of the election district shall file, as hereinafter provided, a petition duly verified by them, alleging that

11

upon information which they consider reliable they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes cast for all offices or for any particular office or offices in such election district, or in the marking of the ballots, or otherwise in connection with such ballots. It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error which they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition.

25 P.S. § 3261(a).

In addition, the Appellants rely on Section 1702(a)(1) of the Election Code, which contains similar language but applies to the recanvassing of voting machines:

(1) . . . [T]he court of common pleas, or a judge thereof, of the county in which any election district is located, shall make visible the registering counters of the voting machine or machines used in such election district at any primary or election, and without unlocking the machine against voting, shall recanvass the vote cast therein, if three qualified electors of the election district shall file a petition, duly verified by them, alleging that, upon information which they consider reliable, they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the canvassing of the votes cast on such machine or machines. It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition.

25 P.S. § 3262(a)(1).

The Bureau counters the Appellants' arguments by directing our attention to the requirements of Section 1703(a)(1) of the Election Code:

(a)(1) Any petition to open a ballot box or to recanvass the votes on a voting machine or an electronic voting system pursuant to sections 1701 and 1702 shall be filed no later than five (5) days after the completion of the computational canvassing of all returns of the county by the county board. If any error or fraud is found the court shall grant the interested parties an additional five (5) days to file petitions

12

requesting additional ballot boxes to be opened or voting machines or electronic voting systems to be recanvassed.

(i) Except as set forth in subclause (ii):

(A) a recount or recanvass shall include all election districts in which ballots were cast for the office in question; and

(B) petitions, accompanied by the appropriate money or bond, must be filed in each election district in accordance with this act.

(ii) Subclause (i) shall not apply if a petitioner under section 1701 or 1702 pleads that a particular act of fraud or error occurred and offers prima facie evidence supporting the allegation.

25 P.S. § 3263(a)(1).

In *Berks County I*, this Court issued a single-judge opinion concluding the requirements of Section 1703(a)(1)(i)-(ii) apply to petitions to open ballot boxes under Section 1701(a). The Court explained these requirements are the product of a 2004 amendment to the Election Code and direct that petitioners seeking to open a ballot box "(1) file their petitions as to each election district in which ballots were cast for the offices in question or (2) plead and offer prima facie evidence that a particular act of fraud or error occurred."[14] *Berks County I*, 296 A.3d at 68, 74-76 (emphasis omitted). The Pennsylvania Supreme Court later affirmed this Court's decision on the basis of our opinion "[w]ith regard to the interpretation of Sections 1701 and 1703 of the Election Code." *Berks County II*, 297 A.3d at 688.

Although *Berks County I* discussed Section 1701(a) of the Election Code, its reasoning applies with equal force to Section 1702(a)(1). As this Court observed, the requirements of Section 1703(a)(1)(i)-(ii) appear directly under Section

---

[14] Sections 1701(b), 1702(a.1), and 1703(a)(1)(i)(B) of the Election Code also require petitioners to submit a cash deposit or bond for each election district. 25 P.S. §§ 3261(b), 3262(a.1), 3263(a)(1)(i)(B).

13

1703(a)(1), which is a single, continuous paragraph addressing "[a]ny petition to open a ballot box or to recanvass the votes on a voting machine or an electronic voting system pursuant to sections 1701 and 1702." 25 P.S. § 3263(a)(1). Meanwhile, the requirements of Section 1703(a)(1)(i) apply to any "petitioner under section 1701 or 1702," unless the requirements of Section 1703(a)(1)(ii) are met. 25 P.S. § 3263(a)(1)(ii).

The Court's prior decisions relied primarily on the plain language of the Election Code. However, we also pointed to then-Governor Rendell's explanation at the time of the 2004 amendment, which was consistent with our interpretation:

> The bill, approved with overwhelming bipartisan support by the state's General Assembly, authorizes the Secretary of the Commonwealth to order each county election board to recount all ballots cast in a specific race in the event that results are within 0.5 percent between the winning and losing candidate.
>
> . . . .
>
> In addition to the automatic recount, candidates in statewide offices can seek a recount on their own when they have lost by more than 0.5 percent and candidates in non-statewide races may still file for recounts as before. However, **in order to ensure that all people have their vote counted equally, a candidate will have to seek a recount of all votes cast unless the candidate can claim that a particular act of fraud or a mistake occurred**. In instances where a specific allegation can be made, a total recount is not necessary, and a recount may be sought only where the irregularity allegedly took place.

Governor's Message, Oct. 31, 2004 (emphasis added).

Accordingly, *Berks County I* controls this case. The recount and recanvass procedures of Sections 1701 and 1702 of the Election Code are subject to the additional requirements of Section 1703. The Appellants did not meet those requirements because they did not file petitions with respect to every election district

14

in which ballots were cast for the offices in question, nor did they offer evidence of fraud or error. The Appellants filed their petitions to open ballot boxes and recanvass voting machines in only 13 election districts in Delaware County while challenging **statewide** races.[15] Moreover, during argument before Common Pleas, Gregory Stenstrom confirmed the Appellants' concerns "do not constitute specific allegations of fraud."[16] R.R. at 693.

The Appellants maintain "it would be impossible to guarantee that all citizens of the United States who voted in an election where fraud or error was suspected, and where the vote was not reconciled had an equal vote." Appellants' Br. at 10. Our decision in *Berks County I* does not impair equal voting rights but instead recognizes the "reasonable limitations" our General Assembly chose to place on petitioners when seeking recounts or recanvasses without evidence of fraud or error. *See Ballot Boxes*, 295 A.3d at 339. Indeed, Governor Rendell explained the 2004 amendment to the Election Code served to "ensure that all people have their vote

---

[15] The Bureau observed below that two of the Appellants, Joy Schwartz and Bill Dennon, were unsuccessful candidates in a race for County Council and suggested the Appellants may be seeking a recount of that race. R.R. at 559. The Appellants' court filings do not focus on the County Council race but imply they are seeking a recount of every race on the ballot in the 2023 Municipal Election, including statewide judicial races. Because the Appellants are challenging statewide races, it was necessary for them to file petitions with respect to every election district in Pennsylvania if they could not offer evidence of fraud or error. *See Ballot Boxes*, 295 A.3d at 338. Notably, the Appellants argue the Wharf should count as an additional election district. *See, e.g.*, Appellants' Reply Br. at 4-6, 13. The Wharf is not an election district as defined under Section 102(g) of the Election Code because it is a centralized counting center and not "a district, division or precinct . . . within which all qualified electors vote at one polling place." 25 P.S. § 2602(g).

[16] Our Supreme Court has concluded petitions to open ballots boxes and recanvass voting machines must be verified "by means of an oath or affirmation before a notary or other public official," and the failure to do so is "a jurisdictional defect that [cannot] be cured." *In re 2003 Gen. Election for the Off. of Prothonotary*, 849 A.2d 230, 238-40 (Pa. 2004) (quoting *In re Opening of Ballot Boxes, Montour Cnty.*, 718 A.2d 774, 775 (Pa. 1998)). The Appellants did not verify their petitions before a notary or other public official, which also justifies Common Pleas' decision to dismiss.

15

counted equally." Governor's Message, Oct. 31, 2004. As this Court has explained, Section 1703(a)(1)(i)-(ii) promotes equality in voting by requiring that a recount or recanvass include every vote cast in a particular race, which facilitates "discovery of all possible discrepancies" when there is no evidence of fraud of error affecting only a specific election district.[17] *Ballot Boxes*, 295 A.3d at 338.

It is important to add, given the current state of the law, that the Appellants have other avenues to pursue at least some of their requested relief. In a recent decision, this Court held "that images of completed absentee and mail-in ballots are public records that can be obtained through [a Right-to-Know Law[18]] request." *Previte v. Erie Cnty. Bd. of Elections*, 320 A.3d 908, 917 (Pa. Cmwlth. 2024). The Election Code expressly designates other documents relating to absentee and mail-in ballots as public records, including "files, applications for . . . ballots and envelopes on which the executed declarations appear and all information and lists." Section 1309(a) of the Election Code,[19] 25 P.S. § 3146.9(a); Section 1307-D(a) of the Election Code, 25 P.S. § 3150.17(a). The Election Code includes broad public disclosure language, permitting inspection of records, "except the contents of ballot boxes and voting machines and records of assisted voters."[20] Section 308 of the Election Code, 25 P.S. § 2648.

---

[17] We reiterate our Supreme Court adopted *Berks County I's* reasoning as its own with regard to Sections 1701-03 of the Election Code. Even if we were to conclude *Berks County I* was incorrectly decided, which we do not, the Court's affirmance is binding on us, and we lack the authority to reverse that decision now.

[18] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[19] Added by Section 11 of the Act of March 6, 1951, P.L. 3.

[20] This Court recently held a CVR was "the contents of ballot boxes and voting machines" and not subject to public inspection under Section 308. *See Honey*, 312 A.3d at 954. Although the author **(Footnote continued on next page…)**

16

Finally, we acknowledge the Bureau's request that we award attorney's fees and costs in its favor. The Bureau argues the Appellants' appeal is frivolous given our decisions in *Berks County I* and *Ballot Boxes*, and our Supreme Court's affirmance of *Berks County I*, all of which occurred before the Appellants filed their petitions to open ballot boxes and recanvass voting machines. Bureau's Br. at 16-19. The Bureau further argues the Appellants' brief contains misrepresentations and baseless accusations against it and Common Pleas, which demonstrate, "at minimum, a reckless disregard for the truth" and constitute vexatious and obdurate conduct. *Id.* at 19-20. The Bureau relies primarily on Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, which provides an appellate court may award attorney's fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."

This Court has recognized "that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact." *Canal Side Care Manor, LLC v. Pa. Hum. Rels. Comm'n*, 30 A.3d 568, 576 (Pa. Cmwlth. 2011) (quoting *Menna v. St. Agnes Med. Ctr.*, 690 A.2d 299, 304 (Pa. Super. 1997)). We have explained that "pursuing an appeal that is contraindicated by well-established controlling law, even after it is pointed out by opposing counsel and the trial court, makes that appeal a frivolous one." *Kachurak v. Dep't of Transp., Bureau of Driver Licensing*, 913 A.2d 982, 987 (Pa. Cmwlth. 2006). An appellant's conduct is obdurate or vexatious when he or she stubbornly persists in wrongdoing or acts in a way that is harassing, annoying, or lacks reasonable cause. *See MFW*

---

of this opinion dissented in *Honey* and disagreed with that conclusion, the author recognizes the case is binding precedent.

17

*Wine Co., LLC v. Pa. Liquor Control Bd.*, 276 A.3d 1225, 1240 (Pa. Cmwlth. 2022) (en banc), *aff'd*, 318 A.3d 100 (Pa. 2024).

We agree with the Bureau that our Supreme Court's affirmance of *Berks County I* definitively establishes the requirements of Sections 1701-03 of the Election Code. Nonetheless, the Appellants appear to have made a good faith argument that *Berks County I* was incorrectly decided and should be overruled. This Court has noted the ongoing "crisis of confidence in our electoral system," *Ballot Boxes*, 295 A.3d at 328, and the Appellants' appeals, although unsuccessful, raise questions of ongoing importance and public interest. The Court has also carefully reviewed the record and is capable of discerning and disregarding any alleged misrepresentations directed toward the Bureau or Common Pleas. Therefore, we conclude this is not the type of frivolous, obdurate, or vexatious appeal that warrants an award of attorney's fees and costs. *See* Pa.R.A.P. 2744.

## CONCLUSION

The Appellants did not file their petitions to open ballot boxes and recanvass voting machines with respect to every election district in which ballots were cast for the offices in question or offer evidence of fraud or error as required under Section 1703(a)(1)(i)-(ii) of the Election Code. *See Berks County I*, 296 A.3d at 68, 74-76. Thus, we affirm Common Pleas' December 13, 2023 orders, which sustained the Bureau's preliminary objections and dismissed the petitions with prejudice. Although the Appellants filed the petitions after this Court and our Supreme Court

already rejected the substance of their claims, we conclude the circumstances do not warrant an award of attorney's fees under Rule 2744 and deny the Bureau's request.


                                        _____

                                        STACY WALLACE, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joy Schwartz, Jacqueline R. Hamilton, : **CASES CONSOLIDATED**
Paul Rumley, William W. Hamilton Jr., :
Leah Hoopes, William W. Hamilton Sr., :
Gregory Stenstrom, Kathryn Buckley, :
Patricia Bleasdale, Dean Dreibelbis, :
Loranne Mazzulo, Bill Dennon, Tina :
Hamilton, Joey Mazza, and :
John C. Vizzarri, :
                           Appellants :
                                   :
          v. :
                                     :
County of Delaware and Delaware :
County Bureau of Elections : No. 1497 C.D. 2023


Joy Schwartz, Patricia Bleasdale, :
Kathryn Buckley, Bill Dennon, Dean :
Dreibelbis, Tina Hamilton, Leah :
Hoopes, Joey Mazza, Loranne :
Mazzulo, Kathy Needham, Tiffany :
Needham, Paul Rumley, Gregory :
Stenstrom, John J. Needham, and :
John C. Vizzarri, :
                           Appellants :
                                     :
          v. :
                                     :
Delaware County and Delaware County :
Bureau of Elections : No. 1498 C.D. 2023

Joy Schwartz, Paul Rumley, Leah :
Hoopes, Gregory Stenstrom, Kathryn :
Buckley, Patricia Bleasdale, Dean :
Dreibelbis, Loranne Mazzulo, Bill :
Dennon, Tina Hamilton, Joey Mazza, :
and John C. Vizzarri, :

|                                                    |   |                   |
|----------------------------------------------------|---|-------------------|
| Appellants                                         | : |                   |
|                                                    | : |                   |
| v.                                                 | : |                   |
|                                                    | : |                   |
| County of Delaware and Delaware                    | : |                   |
| County Bureau of Elections                         | : | No.  1499 C.D. 2023 |
|                                                    |   |                   |
| Joy Schwartz, Patricia Bleasdale,                  | : |                   |
| Kathryn Buckley, Caroline Cecchine,                | : |                   |
| Christopher Cecchine, Phyletta Knapp               | : |                   |
| Cecchine, Bill Dennon, Dean Dreibelbis,            | : |                   |
| Tina Hamilton, Leah Hoopes, Joey                   | : |                   |
| Mazza, Loranne Mazzulo, Paul Rumley,               | : |                   |
| Gregory Stenstrom, and John C.                     | : |                   |
| Vizzarri,                                          | : |                   |
| Appellants                                         | : |                   |
|                                                    | : |                   |
| v.                                                 | : |                   |
|                                                    | : |                   |
| Delaware County and Delaware County                | : |                   |
| Bureau of Elections                                | : | No.  1500 C.D. 2023 |
|                                                    |   |                   |
| Joy Schwartz, Joseph C. Vizzarri, Paul             | : |                   |
| Rumley, Kristen Caparra, Leah Hoopes,              | : |                   |
| Gregory Stenstrom, Kathryn Buckley,                | : |                   |
| Patricia Bleasdale, Dean Dreibelbis,               | : |                   |
| Loranne Mazzulo, Bill Dennon,                      | : |                   |
| Tina Hamilton, Joey Mazza and,                     | : |                   |
| John C. Vizzarri,                                  | : |                   |
| Appellants                                         | : |                   |
|                                                    | : |                   |
| v.                                                 | : |                   |
|                                                    | : |                   |
| County of Delaware and Delaware                    | : |                   |
| County Bureau of Elections                         | : | No.  1501 C.D. 2023 |
|                                                    |   |                   |
| Joy Schwartz, Patricia Bleasdale,                  | : |                   |
| Kathryn Buckley, Bill Dennon, Dean                 | : |                   |
| Dreibelbis, Tina Hamilton, Leah                    | : |                   |

Hoopes, Joey Mazza, Loranne Mazzulo, :
Paul Rumley, Euphrosyne F. :
Schwartz, Lawrence B. Schwartz, :
Melody J. Schwartz, Gregory :
Stenstrom, and John C. Vizzarri, :
                        Appellants :
                         :
                v. :
                         :
County of Delaware and Delaware :
County Bureau of Elections : No. 1502 C.D. 2023

Joy Schwartz, Rebecca Duggan, :
Paul Rumley, Joanne R. Nammavong, :
Leah Hoopes, Judith M. Duggan, :
Gregory Stenstrom, Kathryn Buckley, :
Patricia Bleasdale, Dean Dreibelbis, :
Loranne Mazzulo, Bill Dennon, Tina :
Hamilton, Joey Mazza, and :
John C. Vizzarri, :
                        Appellants :
                         :
                v. :
                         :
County of Delaware and Delaware :
County Bureau of Elections : No. 1503 C.D. 2023

Joy Schwartz, Patricia Bleasdale, :
Kathryn Buckley, Bill Dennon, :
Dan Donohue, Dean Dreibelbis, :
Marlin Fine, Tina Hamilton, Thaddeus :
P. Kavanagh, Joey Mazza, Loranne :
Mazzulo, Paul Rumley, Gregory :
Stenstrom, and John C. Vizzarri, :
                        Appellants :
                         :
                v. :
                         :
County of Delaware and Delaware :
County Bureau of Elections : No. 1504 C.D. 2023

| | | |
|---|---|---|
| Joy Schwartz, Lisa M. George, | : | |
| Paul Rumley, Howard George, | : | |
| Leah Hoopes, Mark Kennedy, | : | |
| Gregory Stenstrom, Kathryn Buckley, | : | |
| Patricia Bleasdale, Dean Dreibelbis, | : | |
| Loranne Mazzulo, Bill Dennon, Tina | : | |
| Hamilton, Joey Mazza, and | : | |
| John C. Vizzarri, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| County of Delaware and Delaware | : | |
| County Bureau of Elections | : No. 1505 C.D. 2023 | |

| | | |
|---|---|---|
| Joy Schwartz, Patricia Bleasdale, | : | |
| Kathryn Buckley, Robert Clements, | : | |
| Bill Dennon, Dean Dreibelbis, Tina | : | |
| Hamilton, Leah Hoopes, Joey Mazza, | : | |
| Loranne Mazzulo, Marc Millison, | : | |
| Ronald W. Peterson, Paul Rumley, | : | |
| Gregory Stenstrom, and | : | |
| John C. Vizzarri, | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| County of Delaware and Delaware | : | |
| County Bureau of Elections | : No. 1506 C.D. 2023 | |

| | | |
|---|---|---|
| Joy Schwartz, Ryan Dumort, Paul | : | |
| Rumley, Mark Dumort, Leah Hoopes, | : | |
| Brian Fasy, Gregory Stenstrom, | : | |
| Cathleen Fasy, Kathryn Buckley, | : | |
| Patricia Bleasdale, Dean Dreibelbis, | : | |
| Loranne Mazzulo, Bill Dennon, Tina | : | |
| Hamilton, Joey Mazza, and | : | |
| John C. Vizzarri, | : | |
| Appellants | : | |
| | : | |

|  | v. | : |  |
| --- | --- | --- | --- |
|  |  | : |  |
|  |  | : |  |
| County of Delaware and Delaware | | : | |
| County Bureau of Elections | | : No. 1507 C.D. 2023 | |

Joy Schwartz, Patricia Bleasdale,  :
Kathryn Buckley, Annalise Dati,  :
Deborah Dati, Gerald Dati, Bill Dennon, :
Dean Dreibelbis, Tina Hamilton, Leah :
Hoopes, Joey Mazza, Loranne Mazzulo, :
Paul Rumley, Gregory Stenstrom, and :
John C. Vizzarri,  :
      Appellants :
       :
   v.   :
       :
County of Delaware and Delaware :
County Bureau of Elections  : No. 1508 C.D. 2023

Joy Schwartz, Michelle Saler, Paul :
Rumley, M. Saler, Leah Hoopes, :
Ellen Funari, Gregory Stenstrom, :
Joseph Funari, Kathryn Buckley, :
Patricia Bleasdale, Dean Dreibelbis, :
Loranne Mazzulo, Bill Dennon, :
Tina Hamilton, Joey Mazza, and :
John C. Vizzarri,  :
      Appellants :
       :
   v.   :
       :
County of Delaware and Delaware :
County Bureau of Elections  : No. 1509 C.D. 2023

Joy Schwartz, Patricia Bleasdale, :
Kathryn Buckley, Bill Dennon, Dean :
Dreibelbis, Tina Hamilton, Leah :
Hoopes, Joey Mazza, Austin Mazzuli, :
Loranne Mazzulo, Russ Mazzulo, :
Victoria Mazzulo, Paul Rumley, :

Gregory Stenstrom, and : 
John C. Vizzarri, : 
               Appellants : 
         : 
       v. : 
         : 
Delaware County and Delaware : No. 1510 C.D. 2023
County Bureau of Elections : 

# **O R D E R**

**AND NOW**, this 21st day of November 2024, the orders of the Court of Common Pleas of Delaware County, dated December 13, 2023, are **AFFIRMED**. The request of the Delaware County Bureau of Elections for an award of counsel fees and costs is **DENIED**.

                                   _____

                                   STACY WALLACE, Judge